# SUPREME COURT

OF

# ILLINOIS.

---

## THIRD GRAND DIVISION.

### APRIL TERM, 1866.

---

## ALLEN C. YUNDT

### v.

## ABRAHAM HARTRUNFT.

1. EVIDENCE—*affidavit for change of venue*. An affidavit for a change of venue because of the prejudice of the judge or the inhabitants of a county against a defendant, is not evidence to prove any issue in the case in which it is made, and should not be read in evidence to the jury.

2. TRESPASS VI ET ARMIS—*for criminal conversation*. Where a defendant has debauched the wife of the plaintiff, the right of action of the latter is complete, and a recovery by him is not defeated by her death before action brought. It is unlike a battery, slander, or other injury personal to the wife.

3. SAME—*grounds of recovery*. While the loss of service of the wife or daughter is the alleged ground of recovery, the injury to the family in its reputation, the mental anguish and distress which necessarily attend the transaction are the real causes for the recovery. The law does not limit the recovery to the precise amount of pecuniary loss sustained, but allows a recovery for injury to family reputation. Although absent from home, the husband did not cease to be entitled to his wife's services in the nurture of his children, as well as to a virtuous example to them by her.

4. Instructions. Although an instruction may be erroneous, yet, if other instructions given so explain it that it could not mislead the jury, the judgment will not be reversed because it was given.

5. Instructions which assume disputed facts to be true, and then inform the jury what they prove, invade the province of the jury, who have the sole right of determining these questions. The court must determine what evidence shall be admitted as tending to prove the issue, and leave the jury to determine its weight from all of the circumstances in evidence before them.

6. Evidence — *admissions and explanations.* An instruction which informs the jury that they are not bound to believe an explanation made by a party at the time, and in connection with an admission, if from all the circumstances they are not satisfied of its truth, is proper, but would be perhaps more accurate if it so left the entire admission and explanation.

7. Witness — *his credibility.* An instruction which informs the jury, that, if they believe a witness has knowingly testified falsely upon any one material point, they may disregard his whole testimony, is inaccurate, and should be modified so as to only do so when the evidence of the witness is uncorroborated by other evidence.

8. Exemplary damages — *when recoverable.* An instruction which informs the jury, that, if plaintiff placed his business in the hands of the defendant before he left, and defendant took advantage of the position thus given him to seduce plaintiff's wife, and did so, then they might give exemplary damages, is not erroneous in a case of this character, when damages may be recovered beyond the actual loss in money or service.

9. Damages — *matter of aggravation.* In an action of this character, where loss of service of the wife is alleged in aggravation of damages, there should be no recovery on that ground unless such loss of service is proved.

Appeal from the Circuit Court of Kane county.

This was an action of trespass *vi et armis*, brought by Abraham Hartrunft, in the Superior Court of Chicago, against Allen C. Yundt. The declaration counts for the seduction of plaintiff's wife by defendant. The plea of not guilty was filed. Afterward the venue was changed to the Kane Circuit Court.

A trial was had by the court and jury, which resulted in a verdict against defendant, and the jury assessed the damages at the sum of $5,000. A motion for a new trial was entered, but was overruled by the court, and judgment was rendered upon the verdict. Defendant brings the case to this court on appeal, and asks a reversal on various grounds. The facts

necessary to an understanding of the case appear in the opinion of the court.

Messrs. Miller, Van Arman & Lewis, for the appellant.

Messrs. Hurd, Booth & Kreamer, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of trespass *vi et armis*, commenced in the Superior Court of Chicago by appellee against appellant, for seducing and debauching his wife. The case was taken by a change of venue to the Kane Circuit Court. A trial was afterward had in that court by a jury, which resulted in a verdict in favor of appellee for the sum of $5,000. A motion for a new trial was entered, which was overruled by the court, and judgment rendered on the verdict. And the cause is brought to this court by appeal, and various errors are assigned upon the record. But appellant's counsel have confined their argument principally to the overruling of the motion for a new trial and the questions involved in that motion.

It is first urged that the court below erred in permitting appellee to read the affidavit made by appellant for a change of venue. We are entirely at a loss to see that this affidavit was, for any purpose, evidence on the trial; and why it should have been offered or admitted, we do not perceive. It did not, so far as we can see, tend in any degree to prove any issue in the case. Being wholly irrelevant, it should have been rejected. If not calculated to prejudice the jury, it was calculated to incumber the issues and the record with irrelevant matter.

It appears from the evidence, that appellee and his wife were married, in the State of Pennsylvania, some time previous to their removal to this State. It also appears, that he went to California, some time in the year 1862, leaving his wife and children in Illinois. He returned to this State in the summer of 1864. The criminal conversation with appellee's wife is

alleged to have taken place while he was absent in California. Appellant urges that appellee and his wife had permanently separated, and that appellee had deserted her. This was a question for the determination of the jury from all of the evidence in the case; and, inasmuch as the case will be submitted to another jury, it would be improper for us to express any opinion on the weight of evidence on this question.

It was again insisted, that, even if appellant was guilty, the suit should have been brought during the life-time of appellee's wife, to enable him to recover; that, by delaying to bring the suit until after her death, a recovery was thereby barred. If appellant seduced the wife of appellee, his right of recovery became complete at the time the injury was inflicted; and, the right to recover damages commensurate to the injury having then vested, we are aware of no principle of law which divested the right by the death of his wife. Had he or appellant died, then the suit could not have been sustained by or against their representatives; but we are aware of no case which holds, that the death of the wife defeats a recovery by the husband for damages he has sustained by debauching her, or that a father or a master is barred from recovering for debauching a daughter or servant because they had subsequently died but before a recovery was had. This suit is not for the injury to the wife, like a battery or slander of the wife.

In this class of cases, the loss of services may be the alleged injury, but the injury to the character of the family is the real ground of recovery when the cause of action relates to the wife or daughter. The degradation which ensues, the distress and mental anguish which necessarily follow, are the real causes of recovery. It has not been the policy of the law to confine the recovery by the injured party to the precise amount of money which he has proved he has lost by the deprivation of labor ensuing from the injury. But the law has, in a more just spirit, allowed a recovery for injury to family reputation and anguish growing out of the injury. Nor is it true, that, because appellee was absent from home, he therefore could have sustained no loss of service by reason of his wife being

debauched.   He had a right to her services in the nurture of his children, as well as a virtuous example to them by her. He had the right to the teachings of a virtuous and not of a depraved mother to his children.   If he intrusted their care to a virtuous and undefiled mother, and appellant corrupted and debased her, he thereby became liable to appellee for the neglect to her family and her example to her children.   And the circumstance that his wife died did not deprive him of his right of recovery.

We now come to consider the instructions given for appellee, and to which objections were made.   The first instruction is this: "If the jury find the marriage and cohabitation of plaintiff with his wife, and the seduction of the latter by defendant, then they must find a verdict for plaintiff."   Appellant was urging as a defense the abandonment of his wife by appellee, and that question was before the jury to be determined on the evidence.   This instruction ignored that question.   It should have been modified so as to have left it to the jury for determination.   But the second and third of his instructions explain the first so that it could not have misled the jury.   The judgment would not be reversed, therefore, because this instruction was not modified.

It is also insisted that the following instructions given for appellee were erroneous, and must have misled the jury:

6.  "If the jury believe from the evidence that the defendant visited the plaintiff's wife in the day-time and evenings during the spring and summer before she went to Pennsylvania, and that such visits were so frequent as to cause remark, and that he accompanied her to Chicago, stopped at the same hotel with her, and visited her in her room at the hotel at an unusual hour of the night, and after her children had retired, and kissed her on her departure for the East, and that upon her return he met her in Chicago, and upon his so meeting her he kissed her, waited upon her to the cars, this is evidence from which the jury may find the improper and criminal intimacy of the defendant."

6½. "The jury are further instructed, that, if they believe from the evidence that the defendant Yundt visited the plaintiff's wife in the evening or night after her return from Pennsylvania, and while she lived in the Ackerman house, and while he was so visiting her she went up stairs and brought down a bed, and upon her retiring carried her hoop skirts in her hand, this is evidence from which the jury may find improper and criminal intimacy of the defendant with the plaintiff's wife."

8. "And if the jury believe from the evidence, that, during the last sickness of Mrs. Hartrunft the defendant (Yundt) visited her, and while there got under the bed to conceal his presence there, and afterward went in the night to Mrs. Hartrunft's house and took the dead child and carried it away and buried it in his own yard, concealing the place of its burial by a covering of sticks, this is also evidence from which the jury may find improper and criminal intimacy between the defendant and the plaintiff's wife, and that he was the father of the child."

These instructions are erroneous, because the court, in them, assumes, that, as a matter of law, the facts stated in these several instructions proved the guilt of appellant. That was a question of fact and one within the province of the jury and not of the court. It was for the court to admit all proper evidence when offered, but the jury have the sole right, and it was also their duty, to consider it in the light of all the circumstances, and to say whether it proved appellant's guilt. By these instructions, the court select a few isolated facts in the case, and assume that they are true, and inform the jury that they prove or tend to prove appellant's guilt. In doing so, the court invaded the province of the jury. It was for them and not the court to say what the evidence was and what it proved.

As a matter of law, the conclusions announced by the court in these instructions do not follow. It might be that the facts stated in either or all of these instructions were, literally, true, and still it might be that appellant was innocent of the

debauchery charged. Cases might be imagined where all of these things might have been done, and still appellant not be guilty. Nor is it sufficient to say, when considered in connection with the other circumstances of the case, it was morally impossible for appellant to have been innocent. That was the very question to try which the jury had been impaneled. But to sustain the instructions we are asked to examine the evidence to see whether appellant was not guilty. We can only examine them with reference to the facts upon which they are based, and these facts, in the light of some circumstances, might prove his guilt, and under other circumstances, would not prove it. That was for the determination of the jury, and they should have been left to decide it. The court can only admit such evidence as tends to prove the issue, and must then leave it to the jury to say whether or not it accomplishes the purpose. The court, therefore, erred in giving these instructions.

Appellant also objected to the giving of appellee's ninth instruction. It is this : " The jury are instructed, that, although the confession of Yundt, to the witness Hunt, should all be taken together, they are not bound to believe that portion of what he said intended as a justification or excuse for his conduct, if they are not satisfied of its truth under all the circumstances in evidence." This instruction very properly left the jury to consider the entire admission, and to give weight to so much of it only as they believed to be true. They are told that it should all be taken together, and be considered in reference to all the circumstances of the case. As a general rule, solemn admission made in view of all the facts connected with the admission, is of the most convincing character, when sufficiently proved. But they may be made under circumstances which show that the party making them acted under misapprehension of the facts, and that the admissions were not true. And so of declarations connected with admissions. They are for the consideration of the jury, who, as intelligent, practical men, can give them the weight to which they are properly entitled. It would, perhaps, have been more nearly

accurate to have left the entire admission to the jury as the instruction left the explanations.

The tenth instruction given for appellee was, likewise, objected to by appellant. It was this:

" If the jury believe from the evidence that the witness Mr. Calkin has knowingly testified falsely upon any one point or fact material to the issue, they may reject the whole of his testimony.

" If the jury believe from the evidence that the witness Mrs. Calkin has knowingly testified falsely upon any fact or point material to the issue, they may reject the whole of her testimony.

" If the jury believe from the evidence that David Stricker has knowingly testified falsely upon any one point or fact material to the issue, they may reject the whole of his testimony."

This instruction does not state the law accurately. It may happen that a witness may knowingly swear falsely to a material fact, and yet the remainder of his testimony may be strongly corroborated by other evidence. When that is the case it is not true that the jury are at liberty to reject that portion of his evidence. It is true, that, when a witness has knowingly and corruptly testified falsely to a material fact, the jury are authorized to disregard all of his evidence, unless it is sustained by corroborating evidence. This instruction should therefore have been so modified as to have announced this rule.

This instruction was also given and excepted to at the time:

" If the jury believe from the evidence, that the plaintiff is entitled to recover, and if they further believe that the plaintiff put his business into the hands of the defendant when he went to California in the year 1862, and that the defendant took advantage of his situation for the purpose of gaining access to, and seducing, the wife of the plaintiff; and, if the jury further believe from the evidence, that the defendant did, under these

circumstances, commit adultery with the wife of the plaintiff, they have a right to give exemplary damages to the plaintiff not exceeding the amount claimed in the declaration."

The whole theory of this action proceeds upon the ground that it is for a recovery of damages beyond the pecuniary loss actually sustained. And if the jury found the facts supposed in this instruction, they would then be authorized to give damages over and above such as were proved to have accrued to appellee. And, in finding such damages, they would of course consider all of the evidence, and determine what was proper in view of the whole case. This instruction was therefore not improperly given.

After a careful examination of all the instructions, we perceive no error in giving the others asked by the appellee. But it is insisted that the court erred in refusing this instruction, asked by appellant:

"That, if, from the evidence, the jury believe, that, at the time of the alleged criminal intercourse between the defendant and plaintiff's wife, the plaintiff was living in the State of California, separated from his wife, and that no pregnancy resulted from such criminal intercourse, and that no physical injury whatever to the wife, or loss of her service or assistance to the husband was occasioned by or resulted from such criminal intercourse, then the jury ought not to allow the plaintiff damages on account of loss of such service or assistance."

This action does not proceed upon the theory of the loss of services of the wife. It is for the injury the husband sustains by the dishonor of his bed; the alienation of his wife's affections; the destruction of his domestic comfort, and the suspicion cast upon the legitimacy of her offspring. 2 Starkie's Ev. 440. The actions of trespass and case are concurrent remedies for this injury. And Chitty, in his work on pleadings, says that though it had been usual to sue in case, it is considered preferable to declare in trespass. But in either form of action, loss of service may be averred in aggravation of dam-

ages. And being averred, a failure to prove actual loss of service would not defeat a right of recovery. 1 Chit. Pl. 167. That is only alleged as aggravation and does not affect the question one way or the other. When loss of service is claimed, damages should not be given therefor unless it is proved. And whether there is such proof is a question for the jury to determine. This instruction should, therefore, have been given.

As the case will be submitted to another jury, we deem it improper to discuss the question whether the damages are excessive. In this class of cases courts seldom interpose, and only where it appears that the jury have been actuated by gross prejudice, misconduct, or a reckless disregard to the evidence and rights of the parties.

For the various errors above indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*