SARAH RICE *v.* WILLIAM R. KEITH.

Under the Act of 1866, ch. 43, a wife was not a competent witness for her husband.

(It is otherwise under the Code of Civil Procedure, § 341.)

REPLEVIN for a mule, tried before *Shipp, J.,* at Spring Term 1868, of the Superior Court of MADISON.

Upon the trial the defendant offered his wife as a witness in his behalf.  The plaintiff objected, and she was excluded by the Court.

Verdict for the plaintiff; Rule for a new trial; Rule discharged; Judgment and appeal.

No counsel for the appellants.

*Merrimon, contra.*

SETTLE, J. Upon the trial, the defendant offered to intro-- duce his wife as a witness, but she was rejected by the Court.

She was certainly an incompetent witness at the common. law.

Did the Act of 1866, ch. 43, make her competent ?

The first section of the Act in question, provides that no person offered as a witness shall hereafter be excluded from. giving evidence by reason of incapacity from " interest or crime. "

The second section makes parties, with certain exceptions, competent and compellable to give evidence in behalf of any or either of the parties to any suit, or other proceeding.

These two sections only change the common law in the par-- ticulars specified, and leave other objections and incapacities as they existed before the passage of the Act.

Mr. Starkie in his work on evidence vol. 2. p. 103, says : " It is a general rule founded on grounds of public policy, that the husband and wife cannot give evidence to affect each other, either, as it seems, civilly or criminally. For to admit such evidence would occasion domestic dissension and discord; it would compel a violation of that confidence, which ought from the nature of the relation to be guarded as sacred; and it. would be arming each with the means of offence, which might be used for very dangerous purposes. " So the exclusion of hus- bands and wives, was based on grounds of public policy, and. not upon *interest.* But it is said, that the third section of the Act of 1866, by the use of the words. "Nothing contained in the second section of this Act shall in any criminal proceeding render any husband competent or compellable to give evidence for or against his wife, or any wife competent or compellable to give evidence for or against her husband " implies that they are to be competent in other cases.

And the same argument is founded upon the wording of of the fourth section, which provides that " nothing contained in the second section shall apply to any suit or other proceed- ing, &c., instituted in consequence of adultery, or to any action

for breach of promise of marriage, or for criminal conversation. "

Our Act is almost a literal copy of the 14 and 15 Victoria, ch. 99, and the decisions upon the English Statute will aid us in construing ours.

In *Stapleton* v. *Croft*, 10 E. L. and E. Rep. 455, Lord Campbell, C. J. says: " The wife is not a party to a suit in which her husband is plaintiff or defendant, although they are in contemplation of law one person. It might as well be said that under a judgment in an action against the husband separately, the wife could be taken in execution, because husband and wife are one person in law. It seems to me therefore that under section two, the wife remains incompetent as before. Stress is laid on section 3. If it were a doubtful question under section 2, section 3 might afford a fair argument on the ground that " ' *expressio unius est exclusio alterius,* " but I must say that after deliberately considering the matter, I think it was the express intention of the Legislature to exclude wives in civil cases.

If that be so, section 3 will not assist, and the wife will remain incompetent, as at common law. "

In *Barbat* v. *Allen*, 12 E. L., and E. Rep. 596, it is suggested that section 3 is loosely worded, and only mentioned criminal proceedings *ex abundanti cautela*, as those in which husband and wife were most likely to be offered as evidence against each other, leaving the law in other cases as it stood before.

The same remarks are applicable to the particular class of matrimonial suits, mentioned in section 4.

In *Alcock* v. *Alcock*, 12 E. L., and E. Rep. 354, it is said that " section 4 refers to disputes of a certain kind, in which it is thought for other reasons, not fit that the parties themselves should be examined. "

It is proper to call attention to section 341 of the Code of Civil Procedure, which establishes by express enactment, the construction which the defendant contends should be placed

upon the Act of 1866.   And from this we deduce an argument in favor of the conclusion at which we have arrived.

The Legislature, in the Act of 1868, has used language that leaves no room for doubt, and has introduced a new principle into the law of evidence.   But under the law as it existed before the passage of this Act, the evidence of Mrs. Keith was properly rejected.

PER CURIAM.                    Judgment affirmed. .