### THE STATE *v.* J. M. MOONEY.

Where two are indicted for a battery, the one for the act, and the other for using encouraging language at the time, the wife of the one who encouraged the beating is a competent witness for the other party.

The *legal effect* of an acquittal of the other, is not an acquittal of her husband.

(*State* v. *Rose* Phil. 406, and *State* v. *Ludwick* Ib. 401, cited and approved.)

ASSAULT AND BATTERY, tried before *Tourgee, J.*, at Fall Term 1869, of GUILFORD Court.

The defendants (two) were father and son. The evidence showed that the son, J. M. Mooney, struck the prosecutor with a hammer, the father taking no other part than by words of encouragement to his son.

For the defence it was proposed to introduce the mother of J. M. Mooney, to testify in his behalf.. His Honor being of opinion that under the facts of this case an acquittal

of the son, would necessarily be an acquittal of the father, excluded the witness.

Verdict, *Guilty* ; Rule &c. ; Judgment, and Appeal.

*No counsel,* for the appellant.

*Attorney-General, contra.*.

SETTLE, J.    There are no accessories in treason, or in offences below the degree of felony, but all who are con- cerned are principals ; the one on account of the high,  the other on account of the low  grade of the offence.   While under our statute an accessory  before  the  fact  may be in- dicted and convicted of a substantive felony,  whether the principal felon shall or shall not have been  previously con- victed, or shall or shall not be amenable to justice,  yet it is determined beyond doubt that the acquittal of the principal is the acquittal of the accessory.

In the case before us, though a misdemeanor, it is con- ceded that, if the *legal effect* of a verdict of acquittal of the son, would be to acquit the father also,  then  the  wife of the father would not be a competent witness for the son, for she would be testifying in behalf of her husband.

His Honor was of the opinion that as the husband of the witness was implicated in the crime only by the encouraging language which he addressed to the son, the actual perpetra- tor, during the commission of the offence,  the  acquittal of the son, the actor,  was of necessity  the  acquittal  of the father, the abettor.    In this there was error.   Suppose  the wife had testified to the insanity of the son, or that he was of young and tender years, not being *capax doli*,  and  that the father had used him merely as an instrument  to carry out his purposes ; can it be contended that the acquittal of the son, would in *legal effect* be the acquittal of the father ? Certainly not.    Perhaps the case may be  placed  in  a stronger light by supposing the witness testifying to the in-

sanity of the son, to be some one other than the wife. It is at once seen that the same testimony which acquits the son, convicts the father, under aggravating circumstances. In *State* v. *Rose, et al.,* Phil. 406, it is said that "a distinction is to be taken between those offences, where the acquittal of one is in *legal effect* the acquittal of the other, as in case of principal and accessory before the fact, conspiracy, fornication and adultery, and those offences where one may be innocent and the other guilty."

The learning on this subject, may be found in the case just cited, and also in the case of the *State* v. *Ludwick,* Phil. 401.

Per Curiam.                                    *Venire de novo.*