JOHN BARRINGER *v.* L. E. BARRINGER.

In a suit for divorce, *a vinculo matrimonii,* the plaintiff, (the husband,) is a competent witness to prove the impotence of his wife.

Prior to the 1st day of July, 1872, suits for divorce were properly instituted before the Superior Court Clerk, but since that date, by virtue of the Act of 1871-'72, chap. 193, the Superior Court in term time alone has jurisdiction.

SPECIAL PROCEEDING, petition for divorce, a *vinculo matrimonii,* filed before the Clerk of the Superior Court of CABARRUS county, and thence transferred to the Superior Court, where it was tried before *Logan, J.,* at Spring Term, 1873.

The chief allegation in the plaintiff's complaint, entitling him to the judgment prayed, and upon which an issue was framed and submitted to the jury, was    *    *    *    *    *    *

"That almost immediately after their said marriage, the plaintiff discovered that his said wife was entirely impotent and incapable of sexual intercourse, from some malformation or organic interruption or derangement, the name or

nature of which was and still is unknown to plaintiff, except that it utterly prevented all penetration and sexual enjoyment."

The defendant failed to answer. On the trial of the issues submitted to the jury, the plaintiff was the only witness called; and his Honor reserving the question as to the admissibility of his evidence, allowed him to be examined.

The jury returned their verdict in favor of the plaintiff and find all the issues true.

His Honor, upon consideration, being of opinion that the plaintiff was not a competent witness to prove the allegation in his complaint, set the verdict aside, and gave judgment against the plaintiff for costs.

Plaintiff appealed.

*R. Barringer*, for appellant.
No counsel for defendant in this Court.

SETTLE, J.—The record in this case was made up with a view of presenting a sinple point, to-wit:

Is the husband a competent witness in a proceeding seeking to have the marriage declared a nullity, to prove the impotence of the wife?

The complaint alleges " that almost immediately after the marriage, the plaintiff discovered that his wife was entirely impotent and incapable of sexual intercouse from some malformation or organic interruption, or derangement, the name and nature of which was, and still is unknown to plaintiff, except that it utterly prevented all penetration and sexual enjoyment."

The defendant did not appear nor answer. Proper issues were submitted to a jury, and the plaintiff was the only witness introduced upon the trial.

The record states that " the Court reserving the question as to his admissibility, allowed him to testify; and he proved

fully all the facts maintained in each issue, and the jury returned a verdict that they were true. Thereafter, the Court being of opinion that the plaintiff was not a competent witness set the verdict aside, and the plaintiff prayed an appeal which was granted."

We think that the Code of Civil Procedure, sec. 341, makes him a competent witness. It might possibly be argued upon the first part of this section that husbands and wives are only competent witnesses for or against each other in suits where a third party is concerned, and not in a suit where they alone are the parties, if it were not for the concluding portion of the section, which enacts that "nothing herein contained shall render any husband or wife competent or compellable to give evidence for or against the other in any criminal action or proceeding (except to prove the fact of marriage in case of bigamy,) or in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery, (except to prove the fact of marriage,) or in any action or proceeding for or on account of criminal conversation."

The conclusion is irresistable that husbands and wives are competent and compellable to give evidence for or against each other, save only in the particular cases above specified.

This is neither a criminal proceeding nor a proceeding in consequence of adultery, nor a proceeding for divorce on account of adultery, nor a proceeding for or on account of criminal conversation.

It may be that the omission to exclude husbands and wives from being witnesses in cases like the one before us was an oversight; or it may be that on account of the peculiar nature of such a complaint, and the great indelicacy· and difficulty of establishing it by other proof, it was though advisable to hear those who have the best knowledge on the subject.

But this innovation upon the ancient law of evidence

will certainly afford much greater opportunities for collusion between the parties, then when the competency of the woman, who was alleged to be impotent by reason of malformation had to be "tried by the careful inspection of grave and honest matrons of her parish, who attested on oath, if the woman was found to be impotent, that she could never be a mother or proper wife."

The Courts were very cautious in guarding against collusion between the parties, and it seems that in a suit of nullity by reason of the man's impotency, the report of medical men who had inspected the man, was not alone sufficient evidence of his impotency, but the Court always required a certificate of medical persons as to the state and condition of the woman, and if she was found *virgo intacto,* yet *apta viro,* after three years, cohabitation, which the law required, (except in such cases as malformation) before a suit could be entertained for annulling a marriage by reason of impotence, it afforded the strongest reasons to presume the impotency of the man. Shelford on Marriage and Divorce, 33 Law Lib., 202.

As we have learned that there is a diversity of opinion in the profession as to the proper jurisdiction of proceedings for divorce, we have examined the legislation on the subject, and our conclusion is, that prior to the first day of July, 1872, such proceedings should have been instituted before the Superior Court Clerk, but since that date, by virtue of the Act 1871–'72, chap. 193, the Superior Courts in term time alone have jurisdiction of proceedings for divorce.

There is a marked difference between proceedings for divorce and other special [proceedings, and a very substantial reason why they should be originally brought to the Superior Court in term time.

It does not necessarily follow in other special proceedings that any issues will arise which must be sent to the Court to be tried in term time, for as a general rule, the clerk can

give all proper relief; but the issues in proceedings for divorce must necessarily go to the Court to be tried in term time; then why institute a proceeding before the clerk when it is known in advance that it must be transferred? We think the change a wise one.

This proceeding instituted on the 13th of November, 1871, was properly commenced before the clerk. The plaintiff was a competent witness to prove the impotence of his wife, and his Honor having reserved the point of law, erred in setting aside the verdict of the jury.

The case will be remanded in order that the Superior Court may proceed to judgment upon the verdict.

PER CURIAM.                    Judgment reversed.