STATE v. JOSEPH P. PARROTT.

*Evidence—Practice.*

1. The rule of law (Bat. Rev. ch. 43 § 16) disqualifying the wife to testify for or against her husband in criminal proceedings, applies only to cases where the husband has a legal interest in the result, and does not render her imcompetent to contradict his testimony for the State upon an indictment against a third party for an assault and battery upon him.

2. The refusal of the Court below to allow counsel to comment on irrelevant matter is not assignable for error, even though the refusal be based upon invalid reasons.

(*State* v. *Mooney*, 64 N. C. 54, cited and approved.)

INDICTMENT for Assault and Battery tried at Spring Term, 1878, of LENOIR Superior Court, before *Kerr, J.*

William White, the only witness for the State, testified that the defendant assaulted him, and that there was no one present except the witness, the defendant, and the defendant's wife. And upon cross-examination he admitted that he also assaulted the defendant and had been previously indicted and convicted for the same. He also stated that defendant's wife was his daughter, and that she witnessed the whole fight, but that he did not offer her as a witness in his behalf on his said trial.

The defendant's counsel in his argument to the jury, insisting that his client was not guilty and that the witness White had not sworn to the truth, stated among other things that the failure of White to offer the defendant's wife as a witness for him on said former trial, was a circumstance tending to prove that White was the only guilty party in respect to the difficulty. Whereupon His Honor remarked and so held that the defendant's wife could not have been a witness on that trial to contradict her husband who was the only witness for the State against White, and did not allow the counsel to comment upon that circumstance to the jury. Verdict of guilty. Judgment. Appeal by defendant. (See *State* v. *Davidson*, 77 N. C. 522.)

*Attorney General,* for the State.
No counsel in this Court for the defendant.

SMITH, C. J. The only exception presented for our consideration is to the remark of the Judge pending the trial, and while the defendant's counsel was addressing the jury, and his arresting the comments of counsel.

The witness, White, who alone was introduced by the State to prove the defendant's assault on himself on his own examination, stated that he had been, at a former term of the Court, convicted of an assault on the defendant in the same affray, and that the defendant's wife, a daughter of

the witness, saw the whole affair, but was not examined in his defence on that trial.

In commenting on the testimony of White, the defendant's counsel impeached his credit, and was proceeding to argue that his failure to call on his daughter as a witness on his own trial was evidence that he alone, and not the defendant, was the guilty party. The Court interposed and arrested this line of argument by the remark that the wife would not have been permitted to testify on that occasion and contradict her husband, and that she was not a competent witness for that purpose.

We do not concur in this opinion. We know no reason why the witness, White, when he was on trial for an assault on the defendant, should be deprived of the testimony of the wife simply because her husband had testified to the same facts, and although the latter was the subject of the inquiry. He was in no legal sense interested in the result of that trial. Nor is the competency of the witness affected by the late act for improving the law of evidence. Bat. Rev. ch. 43 § 16. The act declares that the preceding section which removes the disqualifications arising from interest or crime, and permits witnesses to testify notwithstanding they may be interested in the result or have been convicted of crime, provides that this enabling section " shall not in any criminal proceeding render any husband competent or compellable to give evidence for or against his wife, or any wife competent or compellable to give evidence for or against her husband," except in case of assault and battery committed by the husband on the wife.

In the former case, White only was charged with an offence, and the criminal proceeding was against him. The defendant was a witness merely to prove the fact charged, and we know of no rule of law which permits him to give evidence and excludes the wife's testimony as to a transaction, known to both, in a case where neither has any legal

interest in the result. We therefore hold that the Judge was in error in making the declaration. But we are unable to see how it would tend to mislead the jury or do any harm to the defendant. The matter was irrelevant to the issue of the defendant's guilt. It was proper therefore, though the reason assigned for the interruption may be insufficient, for the Judge to stop counsel in his comments on the incidents of the other trial, and in deducing therefrom inferences wholly unwarranted by any evidence before the jury. The only question for them to decide, was as to the defendant's guilt and the sufficiency of the evidence to convict. See, as bearing on the question of the wife's competency to testify, *State* v. *Mooney*, 64 N. C. 54.

No error.                                          Affirmed.