STATE v. WISEMAN.

(Filed June 17, 1902.)

EVIDENCE—*Fornication and Adultery—Husband and Wife—Witnesses—The Code Secs. 588, 589, 590, 1353, 1354.*

Where a man and a woman are indicted for fornication and adultery, and a *nol. pros.* is entered as to the *feme* defendant, the husband of the woman is a competent witness to show adultery between the defendants committed before the marriage of the woman and the witness.

DOUGLAS, J., dissenting.

INDICTMENT against Elam Wiseman and Hester Blalock, heard by Judge *W. B. Council* and a jury, at September Term, 1901, of the Superior Court of MITCHELL County. From a verdict of guilty as to Wiseman and judgment thereon, he appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*S. J. Erwin,* for the defendant.

CLARK, J. The competency of witnesses is a matter subject to regulation or change by statute. "Public policy" is

not a higher law than the express enactment of the law-making power.    When the latter is silent, the Courts *ex necessitate* declare what is public policy by analogy to other statutes or reference to the right reason of things.    But when the representatives of the people declare what is public policy by the terms of a statute, which the Constitution does not prohibit the Legislature from enacting, there can be no public policy which the Courts can hold in derogation of the statutory enactment.

What is the "public policy" as to the competency of witnesses has been explicitly declared, with much care in stating the exceptions to the general rule, by the General Assembly. It will be found in The Code, Sec. 589, which removes the common law disqualification of interest, subject to exceptions stated in Sec. 590.    And as to the disqualifications formerly existing by reason of the marriage relation, Section 588 makes the husband and wife "in any suit, action or proceeding in any Court    *    *    *    competent and compellable to give evidence, as any other witness," subject only to these exceptions: neither is competent or compellable "to give evidence *for or against the other* in any criminal action or proceeding (except to prove the fact of marriage in case of bigamy), or in any action or proceeding for divorce on account of adultery (except to prove the fact of marriage), or in any action or proceeding for or on account of criminal conversation."    No husband or wife shall be compellable to disclose any confidential communication made one to the other during their marriage."    Even the above exceptions are reduced by the subsequent section, Code, 1353, which provides: "The husband or wife of the defendant in all criminal actions or proceedings shall be a competent witness for the defendant," and Section 1354, which provides that neither husband nor wife shall be competent or compellable to give evidence *against the other,* subject to right of cross-examina-

tion (Section 1353) when a witness for the other, and subject to the further exception that the wife is competent against the husband to prove an assault and battery upon her, or abandonment.

The law-making power having declared the public policy that all witnesses are competent, subject only to the above-recited exceptions, the Courts can not narrow the general clause by putting in other exceptions. That would be *pro tanto* to repeal the statute and declare a public policy different from and in antagonism to that declared by the law-making power. Here, a man is on trial alone for fornication and adultery. Another man is offered as a witness against him. He is competent under the express terms of the statute, and indeed was so independently of and before the statute. That the witnesses's wife was originally a party defendant has no bearing, for, having been *nol prossed,* it is as if she had never been a party. The fact as to which the witness testified occurred before the marriage, and was as to a matter which the witness saw himself. It did not come within the exception "a confidential communication made by one to the other during their marriage." Nor is the evidence "for or against tht other," since the wife is not a party to this action.

In *State v. McDowell,* 101 N. C., 734, it is said that under Section 588, a wife (or husband) is a competent witness to testify in "any suit or proceeding except as stated in that section." To sustain a supposed public policy that would disqualify the witness, it would be necessary not only to disregard the statute, but to overrule our own decisions. Whether the provisions of the statute are wise or harmful, or might not be bettered, are not matters permitted to the Courts. The Judge below had no discretion but to follow the law as written, and, indeed, if the supposed public policy set up by the defendant can be sustained by any decision rendered

before the enactment of our present statutes, it must be remembered that those statutes were enacted to remove all the disabilities previously existing, except as therein stated.

No Error.

Cook, J., concurring.   The criminal relations upon which the indictment is found, existed *before* the witness and *feme* defendant were married.   Therefore the crime was committed when the witness was competent to testify against her. After his marriage with her, he became an incompetent witness to testify *against* her under the statute.   But she was not on trial—a *nol. pros.* had been entered as to her, and she was no longer in jeopardy, was not in Court.   The witness was called upon to testify against Wiseman, and his testimony could not in any way affect his then wife.   The privacy of home life, the relations existing between the husband and wife, were not in any way involved.   The witness testified to facts which had occurred and which he knew *before* he was married to the *feme* defendant.   To exclude his testimony because he had afterwards married the adulteress, would have the effect of depriving the State of its evidence to convict a criminal, by reason of a contract (contract of marriage) entered into by one of the offenders and the witness, to which contract the State was not a party and could not be bound, and which would be against public policy.

Therefore I think the witness (husband) was a competent witness to testify against the adulterer, Wiseman.

Douglas, J., dissenting.   I can not concur in the opinion of the Court, which seems to be based entirely upon the decision in *State v. McDowell,* 101 N. C., 734.   That case does not seem to me to be in conflict with that at bar.   In McDowell's case the wife did not testify to any act on the part of the husband, either before or after marriage, except that

he had left her two years before and she had not heard from him since he left.   Neither the purpose nor the effect of her evidence was to cast any discredit upon her husband, but simply to show the impossibility of his being the father of the child.   The wife, who was the prosecuting witness in bastardy proceedings against McDowell, testified that after her husband had permanently left her, she had criminal connection with the defendant, resulting in the birth of a bastard child, which she asked that he be made to support.   No act of the husband was in question.   The wife was simply a voluntary witness to her own disgrace, which had already been shown by her having a child born so long after the desertion of her husband as to preclude any possibility of his being the father.

In the case at bar the husband is made to testify to the infamy of his wedded wife, with whom he is now living, and who, as far as appears from the evidence, has never broken her marriage vow to him.

The cases are, to my mind, so essentially different that I feel that my concurrence in the opinion of the Court is not in derogation of its former decisions.   Regarding it as an open question, and thinking that the letter of the statute admits, if it does not demand, the construction placed upon it by the Court, I deem it my duty to join in an interpretation most thoroughly consistent with the spirit of the law and the dominating policy of the age.   In my opinion, neither husband nor wife can be dragged from the marriage bed to testify to any act of the other, no matter when it happened, that will lead to moral degradation and public infamy.