## HOWARD SHANNON
### *v.*
## AXEL T. SWANSON.

*Opinion filed February 17, 1904.*

1. WITNESSES—*age of child not the test of his competency as a witness.*
Intelligence, ability to comprehend the meaning of an oath and
the moral obligation to speak the truth, and not age, are the tests
by which to determine the competency of a child to testify.

2. SAME—*trial court's determination as to competency of child to testify
will not be lightly disturbed.* The trial court's determination, as the
result of its inquiry as to the competency of a child under fourteen
years of age to testify, will be upheld, on appeal, unless manifestly
incorrect.

3. SEDUCTION—*husband entitled to substantial damages for seduction
of wife.* A husband is entitled to recover substantial damages from
one who has committed adultery with his wife, even though he
proves no resulting expense or loss of services,

4. SAME—*fact that husband forgives wife does not relieve seducer from liability.* That a husband forgives the adulterous conduct of his wife does not relieve her seducer from legal liability to answer in damages to the husband.

5. SAME—*what not a bar to action for seduction.* That plaintiff had instituted an action against another person for seduction of his wife and had settled the suit and released the cause of action is not a bar to an action against another person who was also guilty of adultery with her.

*Shannon* v. *Swanson,* 109 Ill. App. 274, affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. HENRY B. WILLIS, Judge, presiding.

WILLIAM L. PIERCE, and W. C. KELLUM, for plaintiff in error.

CLIFFE & CLIFFE, (H. A. JONES, of counsel,) for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action on the case, brought by the defendant in error, against the plaintiff in error, for the seduction and alienation of the affections of Louise Swanson, wife of the defendant in error, by the plaintiff in error. On the trial before the court and a jury judgment was entered in favor of the defendant in error in the sum of $1000, and the judgment was affirmed by the Appellate Court for the Second District. The record is before us on a writ of error.

The plaintiff in error contends that the trial court erroneously permitted Harold Swanson, a boy about seven or eight years old, the son of the defendant in error, to give testimony as a witness for the defendant in error, and he insists that, aside from the testimony of such alleged incompetent witness, there was no testimony to support the allegations of the declaration, and urges, therefore, that the court erred in denying the motion,

entered at the close of all the evidence, for an instruction directing the jury to return a verdict of not guilty. We find in the record, apart from anything testified to by the said Harold Swanson, abundant evidence tending to show that the plaintiff in error committed adultery with the said Louise; that he came to the home of the defendant in error, in Kirkland, in the night time, and that Louise left the bed of the defendant in error, her husband, to meet and consort with the plaintiff in error in another room of the building; that he induced her to leave the home of her husband, taking with her the boy, Harold, and take up her abode in Rockford; that plaintiff in error caused a portion of the household furniture to be taken from the home of the defendant in error and stored for a short time in a shed on his premises, and that he afterwards hauled the same to Rockford and placed it in rooms which were occupied by said Louise. Moreover, we are unable to agree that it was error to permit the boy, Harold, to testify. Some traces are found of an ancient rule of the common law making the age of a child the arbitrary test of competency to testify, but if it ever was well established it has long since fallen into disuse and become obsolete. Intelligence, ability to comprehend the meaning of an oath and the moral obligation to speak the truth, and not age, are the tests by which the competency of a child to give testimony is determined. (*Draper* v. *Draper*, 68 Ill. 17; 16 Am. & Eng. Ency. of Law,—2d ed.—p. 268; Bradner on Evidence, p. 135.) Section 10 of division 2 of the Criminal Code provides that every person who is neither an idiot nor lunatic, nor affected with insanity, and who has arrived at the age of fourteen years, shall be considered of sound mind, and that persons who have not reached that age shall be considered of sound mind if they comprehend the distinction between good and evil. In analogy to this rule of the criminal law, a witness who has reached the age of fourteen years should be presumed, *prima facie,*

competent. If below that age, his competency to testify is to be determined by an inquiry as to the strength of his mental faculties and his power to understand and appreciate the moral duty to speak the truth. This inquiry is to advise the trial judge, whose duty it is to determine whether the person is competent to testify. The decision of this matter may be reviewed, but as the intelligence of the witness is to be ascertained, to some extent, by his appearance'and conduct while in the presence of the court, and as the judge is vested with a degree of discretion, it is only when there has been an abuse of discretion or a manifest misapprehension of some legal principle that the decision will be reviewed. (16 Am. & Eng. Ency. of Law,—2d ed.—270, 271.) In the case at bar the witness Harold was subjected to an examination. We have consulted the record with reference thereto, and agree with the trial court that the boy had sufficient mental perception and moral understanding to qualify him to speak as a witness, the weight and value of his testimony being matters for the consideration of the jury.

A husband is entitled to recover substantial damages from one who has committed adultery with his wife, although he proves no resulting expense or loss of services; (*Yundt* v. *Hartrunft,* 41 Ill. 9; 8 Am. & Eng. Ency. of Law,—2d ed.—266;) and this answers the complaints as to instructions Nos. 2 and 6.

It is complained that instruction No. 3 contains an assumption that the plaintiff in error had been guilty of adultery with the wife of the defendant in error, and as to the fourth instruction, that it assumes the relations between the husband and wife were cordial and affectionate. Both of the instructions are so drawn as that they are likely to provoke the criticism made against them. The purpose of instruction No. 3 was to advise the jury of the general legal principle that the fact that a husband has forgiven the conduct of an adulterous wife

does not relieve the seducer of the wife from legal liability to answer in damages to the husband, and the language found in an opinion of the Supreme Court of New Hampshire announcing that doctrine was framed into the instruction. In the concluding portion of the instruction the phrase, "if any you find from the evidence," clearly refers to the words "offenses of the defendant," found immediately preceding such phrase, and would, we think, prevent the jury from being misled to believe the court assumed it to be true, or to have been proven, that defendant had committed the offense of adultery. There is no assumption of fact in the fourth instruction. Whether the relations between the husband and wife were cordial and affectionate was left by it to be determined by the jury from the evidence.

The fact that Parker Shannon, a brother of the plaintiff in error, had also had intercourse with the wife of the defendant in error, and that the defendant in error had instituted an action against him and in settlement of the suit had received the sum of $1000 from Parker and had executed a release of the cause of action against Parker, did not bar the action against the plaintiff in error or make it incumbent upon the trial judge to grant the motion for an instruction directing a peremptory verdict for the defendant. The acts of adultery of Parker Shannon and of the plaintiff in error were separate and distinct acts, and not one act or wrong, and no right of action accrued against them jointly. There being no joint liability, the doctrine that satisfaction by one joint tort feasor bars recovery against all other of such tort feasors has no application. *Yeazel* v. *Alexander*, 58 Ill. 254; *Chicago and Northwestern Railway Co.* v. *Scates*, 90 id. 586.

The judgment is affirmed.          *Judgment affirmed.*