POWELL *v.* STRICKLAND.

APPEAL BY DEFENDANT FARIES.

---

N. P. POWELL v. A. T. STRICKLAND.

(Filed 5 November, 1913.)

1. Husband and Wife—Witnesses—Criminal Conversation — Adultery—Parties—Interpretation of Statutes.

Our statutes, section 1628 of Revisal, removing the disqualification of a witness to testify by reason of interest or crime, etc.; section 1629, admitting testimony of a witness interested in the event of the action; section 1630, compelling parties or those in whose behalf a suit is brought to give evidence in the proceedings, etc., excepting as to adultery and actions for criminal conversation; section 1631, making testimony of husband and wife competent and compellable, on behalf of any party to the action, excepting, among other things, "evidence for or against each other," in proceedings brought in consequence of adultery and actions or proceedings for or on account of criminal

conversation, should be construed together, and thus construed, they do not prohibit the evidence of the husband as to the conduct of his wife, where she is not a party, in his action against another for damages for criminal conversation with his wife and the alienation of her affections.

### 2. Same—Legal Interest.

Where the husband brings his action against another for criminal conversation with his wife and the alienation of her affections, the testimony of the husband as to the conduct of the wife, where she is not a party, is not testimony against the wife within the meaning of the statute, Revisal, sec. 1636, for she has no legal interest in the event of the case, and will not be bound by this evidence, or the judgment rendered, in any action which may be brought against her involving this same matter, or in which she may have a legal interest.

### 3. Husband and Wife—Criminal Conversation—Circumstantial Evidence.

In this action brought by the husband to recover damages against another for criminal conversation with his wife and alienation of her affections, it is *Held*, that the husband's evidence as to the conduct of his wife was material, tending, as it did, to forge the first link in the chain of circumstances that he relied on.

### 4. Same—Adultery.

In an action to recover against another damages for criminal conversation with the wife and the alienation of her affections, it is not necessary for the husband to show the adultery of the wife with the defendant by direct proof, but evidence of the circumstances are sufficient for that purpose if the jury can reasonably infer therefrom the guilt of the parties, and in this case the evidence is held sufficient to take the case to the jury.

### 5. Husband and Wife—Criminal Conversation—Explanation—Failure of Defendant to Testify.

Where in an action for damages for criminal conversation with the wife and for alienation of her affections, there is evidence sufficient for the consideration of the jury, and requiring explanation by the defendant, his refusal to go upon the stand as a witness in his own behalf and explain it is the subject of fair comment against him to the jury by the plaintiff, subject to the control of the trial judge.

### 6. Husband—Criminal Conversation—Consent of Wife—Defenses.

The consent of the wife to her own defilement is no defense to an action brought by the husband against another for damages for criminal conversation with her and the alienation of her affections.

7. **Husband and Wife—Criminal Conversation—Punitive Damages.**
    Punitive damages may be awarded, in the discretion of the
    jury, to the husband in his action for damages brought against
    another for criminal conversation with her, and alienation of
    her affections, in view of all the facts and circumstances of the
    case.

APPEAL by defendant from *Cline, J.,* at April Term, 1913,
of FRANKLIN.

This action was brought to recover damages for criminal
conversation with plaintiff's wife and the alienation of her
affections. There was a verdict for the plaintiff, and from
the judgment thereon the defendant appealed, after taking and
reserving exceptions.

*Bickett, White & Malone and W. M. Person for plaintiff.*
*W. H. Yarborough and Spruill & Holden for defendant.*

WALKER, J. This appeal, in one aspect of it, involves the
competency of a husband to testify as a witness in his own
behalf to the adultery of his wife with the defendant, she, of
course, not being a party to the record. It is well known that,
at common law, parties to and persons interested in the event
of an action were not permitted to testify, nor could the hus-
band or wife testify for or against each other, except in certain
cases not necessary to be mentioned. But this has been changed
radically by modern legislation, under the wise and skillful
leadership of Pitt, Taylor, Lord Denman, and Lord Brougham,
the law reformers of the last century, and the results of their
work (14 and 15 Vict., ch. 99; 16 and 17 Vict., ch. 83) have
become a part of the statute law of this country in one form
or another. It would be vain and unprofitable to attempt any
discussion of the authorities in other jurisdictions in regard
to the true meaning and extent of this sweeping change in
the law of evidence as it existed at the common law, because
the statutes are so variant in their terms and phraseology that
each must be considered and weighed according to its own
peculiar tenor. Close examination of the cases elsewhere has
led us, therefore, to conclude that little aid in the construction
of our law can be derived from them. We therefore turn to

our statutes, and former decisions construing them, for a solution of the question raised by the objection of defendant to the testimony of his adversary.

By Revisal, sec. 1628, "incapacity" or disqualification to testify by reason of interest or crime is removed and every person who is offered as a witness shall be "admitted to give evidence, notwithstanding such person may or shall have an interest in the matter in question, or in the event of the trial of the issue, or of the suit or other proceeding in which he is offered as a witness. This section shall not be construed to apply to witnesses to wills." Section 1629 provides that no person shall be excluded as a witness on account of interest in the event of the action. By section 1630 parties themselves, and persons in whose behalf the suit or proceeding is brought or defended, shall be competent and compellable to give evidence, according to the practice of the court, in behalf of either or any of the parties to said suit or proceeding: *Provided,* that the section shall not be considered to apply to any action or other proceeding instituted in consequence of adultery, or to any action for criminal conversation. Section 1636 makes husband and wife of any party to an action or proceeding competent and compellable to testify, on behalf of any party to such action or proceeding, but nothing therein contained shall render husband or wife competent or compellable to give evidence *for or against each other* in any criminal action or proceeding or in any action or proceeding brought in consequence of adultery, or for divorce on account of adultery, nor in any action or proceeding for or on account of criminal conversation. We have omitted so much of the sections as are irrelevant to the case.

It was early held, in *Sumner v. Chandler,* 92 N. C., 634 (opinion by *Justice Ashe*), that by section 342 of the Code of Civil Procedure, sec. 589 of The Code (being sections 1628 and 1629 of the Revisal of 1905), that a party to an action has become competent to testify in the courts, because of those sections, the disqualification by reason of interest in the suit or its event having been abolished, and this, too, without any aid from the other two sections, and the question is, whether

POWELL *v.* STRICKLAND.

by the succeeding sections this capacity to testify has, in any way, been qualified. Section 1630 was intended to provide that parties to actions should be competent and compellable to testify "for and against each other," and the proviso was inserted to prevent husband and wife from testifying "for or against each other" in suits to which they are parties and which are based upon charges of adultery, or where the party for or against whom the testimony is given has a legal interest in the cause or its event, as will hereafter appear.

We rest our decision upon the broad and practical view, hitherto taken by this Court with reference to the true meaning of these statutes, so as to execute the manifest intention of the Legislature and open the doors to a certain class of evidence heretofore excluded or barred out, and relax the rigorous rules of the common law, which often worked injustice, if not oppression, by excluding the truth in deference to a mere sentiment. These sections should be construed together, as they relate to the same subject—the competency of witnesses. The trend of our decisions has been to admit the husband and wife as witnesses unless, in a legal sense, they testified "for or against each other" within the meaning of the provisos to the sections, and it has been expressly held that a husband does not testify for or against his wife if she is not a party to the record and has no legal interest in the action or its event, that is, no interest that can, by the rules of law, be affected thereby. A sentimental interest is not sufficient for the exclusion of the testimony of one of the spouses, but it must be a legal interest; and it has been further held that where one is accused of adultery with the wife, who is not a party to the record, the husband is a competent witness to prove the adultery, as neither the evidence nor the judgment can thereafter be used against her. *S. v. Wiseman,* 130 N. C., 726 (opinion by *Clark, J.*); *S. v. Guest,* 100 N. C., 410; *S. v. Parrott,* 79 N. C., 615; *S. v. McDowell,* 101 N. C., 734. It is true that, in those cases, neither the husband nor the wife was a party to the record; but why is it any less against public policy, or any other reason which condemned this kind of evidence at common law, to admit it when the spouses are not parties, than when only one of them is, and

the other is not legally affected by the evidence? The one tends just as much to cause dissension and discord between them as the other, and the mere fact that one of them is a party to the record and the other is not, does not lessen the danger of an unhappy breach. If they are not testifying "for or against each other," there is no reason grounded in public.policy, as declared now by the statute, why they should not be heard. Suppression of the.truth, and exclusion of the light, would be far more impolitic and dangerous to society and the public than the admission of such testimony. The Legislature seems to have .thought so, and hence the radical change from the antiquated rule of the common law. The law was seeking after the truth, and at the same time retaining the real and essential principle of public policy, so far as necessary for the good of society in preserving peace and harmony in the family and the sacred confidences of the marriage state. But it was not deemed wise for the accomplishment of this purpose to exclude either spouse when the other is not a party to the record, and therefore not legally affected by it, or when neither is such a party.

Examining the cases we have .cited a little more closely, we find that in *S. v. Wiseman, supra,* the wife and her paramour were indicted for fornication and adultery; a *nol. pros.* was entered as to the wife, and the husband permitted to testify against the remaining defendant; and reference is made to Code, sec. 588 (Revisal, sec. 1636), as qualifying the husband and wife to testify,.provided neither is allowed to be a witness "for or against the other" in the cases enumerated in the final clause of that section. In *S. v. Guest, supra,* the wife pleaded guilty and was then permitted to testify against the other defendant as to her adultery with him. In *McDowell's case, supra,* the defendant was charged with bastardy, and the Court held that, while the wife could not prove nonaccess, or formerly, impotency (*Barringer v. Barringer,* 69 N. C., 179), "she could testify to the criminal intercourse with defendant, of which the child was the offspring; and now (since the enabling statutes), as she is not testifying "for or against" her husband, she is a competent witness under section 588 of Code (Revisal, sec. 1636) to testify in any "suit, action, or proceeding, except as

stated in the said action." In *Parrott's case, supra,* two were indicted for an affray, or a mutual assault and battery, in separate bills of indictment, and it was held that the wife of one of them was a competent witness for or against the other on his trial, as "the husband was in no legal sense interested in the result," *Chief Justice Smith,* for the Court, stating that they knew of no rule of law which excluded the husband, the conviction of White not being, in legal effect, the conviction of Parrott; and the same was decided in *S. v. Mooney,* 64 N. C., 54 (opinion by *Justice Settle*), and for the same reason. See, also, *S. v. Phipps,* 76 N. C., 203, cited with approval in *S. v. Guest, supra,* as establishing the same general rule. In the *Phipps case* the Court says: "The policy of the enactment leading to this result is a matter for the (exclusive) considera- tion of the Legislature. This Court can only declare the law as it finds it." It cannot legislate or make the law. The policy as thus fixed by the only competent body may be very unwise and unsalutary, but our only duty is to submit to it."

We see, then, very clearly what this policy is, viz.; to exclude husband and wife when the evidence of either will, in a legal sense, prejudice the other; and that is not the case here. Neither the testimony of plaintiff nor the judgment in this action can possibly be used against the wife in a prosecution for the adultery. We believe that this single reason for the exclusion of husband and wife, only where the testimony of one will legally affect the other injuriously, permeates the entire body of law on the competency of witnesses, so far as the matri- monial relation is involved. But it has been expressly held in *Barringer v. Barringer,* 69 N. C., 179, that the conclusion is irresistible from the language of the statutes, that husbands and wives are incompetent to give evidence only where they testify "for or against each other" in the class of cases specified in the proviso to Code of Civil Procedure, sec. 341 (Revisal, sec. 1636), and that construing that section so as to give full effect to the enacting clause and the proviso, it applies to suits where they alone are parties, as well as to those where a third party is concerned, as in our case, with the restriction imposed by the proviso. And to the same effect is *Rice v. Keith,* 63

N. C., 319. The wife was excluded there because the case was governed by the law which existed before 1868, the Court saying: "It is proper to call attention to section 341 of the Code of Civil Procedure, which establishes by express enactment the construction which the defendant contends should be placed upon the act of 1866. And from this we deduce an argument in favor of the conclusion at which we have arrived. The Legislature, in the act of 1868, has used language that leaves no room for doubt, and has introduced a new principle into the law of evidence. But under the law as it existed before the passage of this act, the evidence of Mrs. Keith was properly rejected." See *Bradsher v. Brooks,* 71 N. C., 322.

We need not assign reasons for the rule of exclusion at the common law, whether it was upon the ground of interest alone, when the testimony is in favor of the spouse, or marital bias, or public policy when it is against, or whether it was because they were considered as two souls in a single body (*qua sunt duæ animæ in carne una*), as Sir Edward Coke says (Coke on Littleton, 6b), for which he has been accused of striking the first false note; for need we combat the theory that it should be rendered impossible for husband and wife to speculate upon the other's dishonor, relying upon their own testimony to make or support a case? The full, final, and conclusive answer to all of this argument is, *Ita lex scripta est.*

In *Johnson v. Allen,* 100 N. C., 131, evidence of this same character was admitted in a case for criminal conversation, and the Court said "it was competent because it tended to show the relations between the plaintiff's wife and the defendant." The objection to the evidence was a general one, and the Court overruled it, though incidentally remarking that while the question was leading, it was, in this aspect, a matter addressed to the judge's discretion and not reviewable here, as there was no abuse in its exercise. The Court took it for granted that the evidence was otherwise competent, for there was not even any discussion of the question as to its competency under the statute, which was clearly involved in the case and presented by the objection. If the judges had thought there was any doubt about it, they would not have passed it without some discussion.

But *Broom v. Broom,* 130 N. C., 562, is very much in point, and even goes beyond the necessities of this case. There in a divorce suit the wife was allowed to contradict two witnesses for the plaintiff (her husband), who had testified to her adultery, the Court holding that she was not thereby testifying "for or against her husband." It was also held that the prohibition as to the testimony of husband or wife in such cases is not absolute, but restricted to such testimony of the one which is "for or against the other," and this is said by the Court to be a wise provision. We cite that case only to show that the testimony must be "for or against" the other spouse. In *Grant v. Mitchell,* 156 N. C., 15, a criminal conversation case, the wife was excluded because she proposed to testify against her husband, and the Court (opinion by *Justice Allen*) laid stress upon the fact that the test is, whether the testimony of the one spouse would be "for or against" the other, as this is the language of the statute. So it was held in *McCall v. Galloway,* 162 N. C., 353, that the competency of the spouses depended upon whether they were offered to testify "for or against" each other, *Justice Brown* saying: "The statute (Revisal, sec. 1636) removes this disability in certain actions, but specifies those actions in which she cannot testify, and as to the one under consideration, 'on account of criminal conversation,' says: 'Nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding on account of criminal conversation.'" It was, therefore, held that declarations of the wife introduced "as against the husband" were incompetent. Her husband was a party, and for that reason her declarations as to his conduct were, in the sense of the statute, incompetent, as he had a *legal* interest in the action and its event. We, therefore, hold that plaintiff's testimony was competent. His counsel contended that it was harmless, but we do not think so, though it is not necessary to decide this question, having ruled with him upon the other view of the matter. It may, however, be said that his testimony was material, as he was forging the first link in the chain of circumstances. *Perkins v. Perkins,* 88 N. C., 41, and especially *S. v. Raby,* 121 N. C., 682.

163—26

The defendant contends that there is not sufficient evidence of the alienation of the wife's affections or of the adultery with defendant, but the jury must decide as to its sufficiency to establish the essential facts. If it is meant that there was no evidence to support the allegations, we think that there was some. It is not necessary to show the adultery by direct proof, but circumstances are sufficient for that purpose, if therefrom the jury can reasonably infer the guilt of the parties. *S. v. Eliason,* 91 N. C., 564; *S. v. Rhinehart,* 106 N. C., 790; *S. v. Chancy,* 110 N. C., 507; *S. v. Poteet,* 30 N. C., 23; *S. v. Waller and Hoifer,* 80 N. C., 401; *S. v. Dukes,* 119 N. C., 782; *Burroughs v. Burroughs,* 160 N. C., 515.

In this case it appears, by the evidence, that defendant, a married man with a bad character, had been seen at the home of the woman; in the absence of her husband, with his hand familiarly on her person; that he went there several times, in the absence of her husband, and remained there for some hours during his visits; that the woman had gone to his store, after the hands had quit their work for the day, to see him, and left the store with him, on one occasion going out the back door; that the woman had declared that she no longer loved her husband, abandoned him and her children and refused to live with him, and there were other facts of more or less weight, tending to show their close intimacy and her infatuation. The jury have the right to conclude that the conduct of this married man and this married woman, under the circumstances, was not only very suspicious, but had all the earmarks of a guilty intercourse, when taken with the fact that the defendant refused to go upon the stand in his own behalf and explain them, for there was something requiring explanation. His failure to do so was the subject of fair comment (*Goodman v. Sapp,* 102 N. C., 477), subject to the judge's control, and this fact could be considered just as in any case where there is a failure to produce a witness shown to be cognizant of the facts. The mere failure to testify, standing alone and without reference to the circumstances, counts for nothing against a party, and the jury should presume nothing against him; but when he is called upon to explain, the case is different. *Hudson v. Jordan,* 108

N. C., 10, where the party's failure to testify was regarded as a "pregnant circumstance" against him. (See, also, notes to above cases in the Anno. Edition.)

The consent of the wife to her own defilement is no defense to the action (21 Cyc., 1628; *Yandt v. Hartvunft,* 41 Ill., 9; *Moore v. Hammond,* 119 Ind., 510; *Sieber v. Pettit,* 200 Pa. St., 58), since the wrong relates to the injury which the husband sustains by the dishonor of his marriage bed; the alienation of his wife's affections; the destruction of his domestic comfort; the suspicion cast upon the legitimacy of her offspring; the loss of consortium, or the right to conjugal fellowship of his wife, to her company, coöperation and aid in every conjugal relation; the invasion and deprivation of his exclusive marital rights and privileges; his mental suffering, injured feelings, humiliation, shame and mortification, caused by the loss of her affections and the disgrace which the tortious acts of defendant have brought or heaped upon him, and which are proximately caused by said wrong. Hale on Damages, p. 99 and note; *Johnson v. Allen,* 100 N. C., 31; 21 Cyc., 1628, 1629. And for these results the plaintiff is entitled to recover compensatory damages, as the authorities cited will show. He may also have added by the jury, in their sound discretion, a reasonable sum as punitive, vindictive, or exemplary damages, or smart money, for the willful and wanton conduct of defendant towards him; and these damages, though not susceptible of proof at a money standard, may be fixed by the jury in view of all the facts and circumstances. Authorities *supra,* and *Johnston v. Disbrow,* 47 Mich., 59; *Matheis v. Mazet,* 164 Pa. St., 580; *Cross v. Grant,* 62 N. H., 675. There can scarcely remain a doubt as to the right of the plaintiff to have his compensatory damages or as to the right of the jury, in their discretion, to award punitive damages under the aggravated circumstances disclosed by the evidence in this case.

The rulings and charge of the court were, therefore, correct, and no error in the trial has been discovered by us.

No error.