# MEMORANDA DECISIONS

## CASES WITHOUT OPINIONS

WILLIE GUILBAULT *vs.* JOSEPH MARCOUX.

York County.   Decided December 17, 1921.   Action for criminal conversation and alienation of wife's affections, before the Law Court upon general motion, and motion for new trial on ground of newly-discovered evidence, filed by the plaintiff.

The general motion must be overruled.   The only evidence tending to show criminal relations was the testimony of one Arthur Newn, a hotel keeper in Sherbrooke, Province of Quebec, who identified the defendant and Mrs. Guilbault as persons who registered at his hotel as "Robert Blouin and wife, Laconia, New Hampshire," and occupied a room there together on the night of July 26, 1920.   The probative force of this testimony depends entirely upon the certainty of the identification.   It is apparent that the jury discredited the testimony of Newn and refused to accept his identification of the parties.   The court will not reverse this finding, based on the weight to be given to Newn's testimony, in the light of the testimony of both alleged participants.   It cannot be said to be unmistakably wrong.   Upon the entire record the plaintiff fails to sustain the burden of proof of showing that the verdict is wrong.   *Harvey* v. *Donnell*, 107 Maine, 541.

To the evidence claimed to be newly discovered, taken in support of the motion for a new trial, we must apply the rule stated in *Parsons*

v. *L. B. & B. St. Ry.*, 96 Maine, 503, 507, and since consistently followed. *Mitchell* v. *Emmons*, 104 Maine, 76. *Drew* v. *Shannon*, 105 Maine, 562. *Higgins* v. *Portland R. R. Co.*, 106 Maine, 39. Having in mind that the evidence of criminal relations depends entirely upon identification made by Newn, the hotel keeper at Sherbrooke, it does not seem to the court probable that on a new trial, with the additional evidence, the result would be changed. The testimony of Belanger as to the time table of trains between St. Henry, Sherbrooke and Boston, if material, was available at the trial; he was present and had the knowledge at that time, to which he later testified. This evidence could have been easily procured at the time. The remainder of his testimony, and the testimony of Fortier and of Lageux, tends to discredit the testimony of the witness, Laliberte. So the testimony of Anna Wax tends to contradict the testimony of the defendant and his daughter, as to the day when he arrived in Boston on his return to Biddeford. The testimony of these witnesses may be true (although we are not impressed with the correctness of the date given by Mrs. Wax), yet it fails to place the defendant and Mrs. Guilbault together in Sherbrooke at Newn's hotel on the night of July 26, 1920, or to corroborate or render more probable Newn's identification. It simply adds conjecture to conjecture based upon the arrival of Marcoux and Mrs. Guilbault in Biddeford on the same day upon their return from Canada, the one coming by the way of Boston, the other coming to Portland over the Grand Trunk Railway.

In our opinion the fact that in his writ dated August 5, 1920, the plaintiff charged criminal relations between his wife and Marcoux, without any evidence, known to him at that time, so far as this record shows, to support such a charge, and the admitted fact shown in the record that he continued to cohabit with her, occupying the same bed, until the day of trial, outweighs even the possibility of a different result, if a new trial is granted. Such condonation and continued cohabitation is not a bar to the action. *Sanborn* v. *Neilson*, 4 N. H., 501. *Shannon* v. *Swanson*, 208 Ill., 52. But it confirms us in the belief, upon reading the whole record, that no injustice has been done, *Woodis* v. *Jordan*, 62 Maine, 490, or is likely to be done if a new trial is refused. Motions overruled. *Louis B. Lausier and Willard & Ford*, for plaintiff. *Emery, Waterhouse & Paquin*, for defendant.