Marilyn Chamness, a Minor by Lawrence Chamness, Her Father and Next Friend, Plaintiff-Appellant, v. Joe Dawson, Defendant-Appellee.

Gen. No. 63–0–21.

Fourth District.

November 18, 1963.

Leonard J. Dunn, of West Frankfort, for appellant.

Franklin, Garrison & Bleyer, of Marion (Norbert Garrison, of counsel), for appellee, Robert S. Hill, of Benton, guardian ad litem.

SCHEINEMAN, J.

The defendant, driving a car, collided with a school bus in which plaintiff was riding on the right-hand front seat. She was thrown forward and her neck struck a metal bar. She has recovered a judgment on a jury verdict for $4,000. She filed a post-trial motion for a new trial which was denied. On this appeal the points raised are that the verdict was wholly inadequate, as a result of prejudice caused by improper cross-examination. The question was:

Q. "Now, Marilyn, isn't it true that before this accident, You were inclined to, and did, hold your neck stiff on many occasions?"

Objection was made on the ground that this is an impeaching question which would require proof on the part of counsel here to prove the statement. The objection was overruled and the plaintiff answered: "Not that I know of."

Plaintiff's brief cites a number of cases, such as Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348 and Gordon v. Checker Taxi Co., 334 Ill App 313, 315, 79 NE2d 632, to the effect that a plaintiff is entitled to a new trial where defense counsel asked questions, apparently as a basis for impeachment, but actually for the sole purpose of creating an innuendo, to give the jury an unfavorable impression of plaintiff's claim. A common type is to ask whether it is true that the witness had, at some other time, made a certain damaging statement against interest. But the courts do not take a single question out of context to rule that it creates an improper innuendo. Other facts and circumstances are considered, or there is an extensive review of the series of questions, as in the two cited cases.

With reference to cross-examination about prior injuries or conditions, the following is quoted from 69 ALR2d 593:

"It has repeatedly been declared that the extent of cross-examination with respect to an appropriate subject of inquiry rests with the sound discretion of the trial court, and it is only in case of clear abuse of discretion, resulting in manifest prejudice to the complaining party, that a reviewing court will interfere." Among the citations is Chicago City Ry. Co. v. Canevin, 72 Ill App 81.

Therefore, it becomes necessary to consider the question previously quoted in the light of the context. On

177

direct examination, the plaintiff testified that two years after the accident she still had painful headaches,—dizziness,—stomach sickness,—right arm and leg go to sleep,—still had pain in neck, shoulder and all along her side. She still could not turn her head to either side, nor up or down because it hurt. Before the accident she was in good health,—no trouble with head or neck, nor headaches, "other than what anybody has."

The cross-examination was first directed to her present condition and developed the facts concerning her regular attendance at school and, in addition, she had part-time work as a clerk in a drug store. Next, it was developed that on a prior occasion she was practicing for cheerleader, she tried to do a flip and "it flopped." She consulted a physician about her injuries, but made no explanation of the way she fell nor the nature of her complaints.

It was then brought out that she had enlarged tonsils, about which she consulted a doctor, but was advised against an operation. Again, she gave no explanation of the nature of her complaints that caused her to consult a doctor. There is no objection raised as to any of the foregoing.

At this point, counsel propounded the question now relied on as reversible error. In view of the prior answers tending to indicate plaintiff might be exaggerating her disability, and answers showing some previous ailments which might have contributed to her present condition, we conclude the court properly overruled the objection, especially so, since her stated present symptoms were almost entirely subjective, thus requiring great latitude in cross-examination. The following authorities support this view:

"A liberal cross-examination of the plaintiff is permitted where it is claimed that there existed a previous condition of invalidism or that he is malingering." 58 Am Jur, Witnesses, Sec 641.

178

"Where . . . the extent of the plaintiff's disabilities is in dispute, and especially where, as here, they are of such a character that the symptoms may be feigned, wide latitude should be allowed the counsel cross-examining the plaintiff." Chicago Union Traction Co. v. Miller, 212 Ill 49, 72 NE 25.

In a criminal trial a witness was asked on cross-examination if, at the time she came to the police station to identify the defendant, she had asked the desk sergeant, "Which one is Briggs?" She replied she did not remember saying that. Later, in speaking of another policeman, she was asked, "Was he the one you asked that question, 'Which one was Briggs?'" She answered she did not know. The trial judge ruled the questions were improper, assuming as true what had been denied by the witness. On appeal, it was held, "The court limited her cross-examination by counsel for the defendant by too strict a rule. . . . There is nothing in the testimony of the witness . . . directly and positively denying that she made the statement which counsel assumed she did make. As already quoted, what she said was that she did not remember having made the statement." Briggs v. People, 219 Ill 330, at 337, 76 NE 499. Compare the plaintiff's answer in this case, "Not that I know of."

For the foregoing reasons, the court's ruling was proper and the request for a new trial was properly denied. The judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and HOFFMAN, J., concur.