**The People of the State of Illinois, Plaintiff-Appellee, v. Steve Malston, Defendant-Appellant.**

**Gen. No. 69–147.**

Second District.
May 7, 1970.

Thomas E. Hornsby and Edwin S. Wadsworth, of Dixon, for appellant.

Albert N. Kennedy, State's Attorney, of Dixon, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Steve Malston, the defendant, then age 17, was charged in a criminal complaint with the offense of indecent liberties with a minor female child age 12 years, occurring on February 23rd, 1969. (Ill Rev Stats 1967, c 38, § 11-4.) Judgment of conviction was entered upon the jury finding of guilty, and defendant was sentenced to a term of 4 to 10 years in the penitentiary.

He claims that reversible error was committed in the exclusion of evidence offered on his behalf and by prejudicial argument of the prosecutor.

The complaining witness testified to an act of intercourse with defendant which she said occurred on the February 23rd date. Counsel, on cross-examination, was allowed to ask the question, "Did you ever have sexual relations with anyone else," to which the girl answered, "No." He then asked, "Did you ever say you did," and the girl again answered, "No." In further cross-examination counsel asked, "Did you ever state to the police or anyone else you had sexual relations with some other male person around that time?" The court sustained the prosecutor's objection stated to be on the ground, "She already testified to that." When the public defender indicated he was asking the question for impeaching purposes, the court responded, "You have asked the questions, there is no need repeating."

The witness was then asked whether she had been interviewed at the police station by a lady and she answered without objection, "Yes." When counsel sought to inquire what she told the lady "regarding this affair," the court sustained an objection. The defense counsel then asked,

Q. "Did you tell her you had been raped by a bearded man?"

A. "Yes."

Mr. Merrick (for the prosecution): "Objection to what she might have told another person."

The Court: "The Court is of the opinion any conversation she had with another witness, it might be properly gone into by the witness. I will sustain the objection, and instruct the jury to disregard the answer . . . ."

The State argues, without citation of any authority, that since the witness had answered "No" to counsel's previous inquiry whether she ever said she had sexual relations with anyone other than defendant, the objection to further questions on that subject was properly sustained as an exercise of judicial discretion. The State further suggests that no proper foundation was laid for the questions because the defense "failed to establish the hour, the month or the year of the conversation and did not establish who was present nor specify what the questioner meant by the words 'this affair.' "

■■■■■ Evidence of prior inconsistent statements by a witness is admissible to impeach his credibility. The evidence is not admitted as proof of the facts stated out of court, but to cast doubt on the testimony of the witness by showing his inconsistency and is, therefore, not hearsay. The People v. Moses, 11 Ill2d 84, 87, 142 NE2d 1 (1957); The People v. Morgan, 28 Ill2d 55, 63, 190 NE2d 755 (1963). It has often been stated that an accusation

of rape or other sexual offenses is easily made, hard to be proved, and still harder to be defended, thus charging a reviewing court with a duty to carefully examine the evidence. The People v. Scott, 407 Ill 301, 304, 95 NE2d 315 (1950); The People v. Qualls, 21 Ill2d 252, 257, 171 NE2d 612 (1961). While the trial court is given discretion in ruling on the extent of cross-examination, the accused should be given wide latitude in his cross-examination of the State's witnesses and this is especially applicable to the testimony of the complaining witness in a sex case. People v. Rainford, 58 Ill App2d 312, 315, 208 NE2d 314 (1965).

■ The questions asked by the public defender were inartful and were inadequate to establish a proper foundation for impeachment. A proper foundation requires that the witness be asked as to the time, place and persons involved in the alleged conversation, and the witness must also be asked whether he made a certain contrary statement at that time, to avoid unfair surprise. The People v. Moses, supra, at page 87; People v. Rainford, supra, at page 317. However, the questions here could reasonably be regarded as preliminary to subsequent impeachment, and the erroneous position of the court which was, in effect, that such questions called for hearsay and should be asked of the other party to the alleged conversation, effectively prevented the testing of the credibility of the witness on an issue which concerned the subject matter of the crime charged. Whether the prosecutrix had made inconsistent statements shortly after the time of the alleged crime involving a person or persons other than the accused was crucial, particularly since the testimony of the complaining witness was the only evidence to establish the defendant as the perpetrator of the offense. See The People v. Whitehead, 35 Ill2d 501, 504, 505, 221 NE2d 256 (1966); and People v. Rainford, supra, at pages 318, 319.

██ We conclude that the court abused its discretion in so limiting the cross-examination of the prosecutrix and thereby committed reversible error.

The error was compounded, in our opinion, by the court's rulings regarding the testimony of Marlene Fahs, the acting police matron, who was in the police station when the complaining witness was present on February 24th, the day following the charged offense.

The time, place, and those present was elicited from the witness. The witness testified that she had a conversation with the alleged victim; she then began to talk about the "story" that the girl told her. On objection, the court informed her that she must relate the conversation in terms of who said what to whom. The witness then stated that there was no conversation between the girl and herself, that she was listening to the girl's conversation with the police officers who were present.

Defense counsel then asked whether the witness was present at the preliminary hearing in the case, and she responded that she was. Counsel then asked whether certain questions were asked her at that hearing by defendant's counsel. The State's Attorney then objected to any questions with reference to the preliminary hearing, and the court said "You can't get in the position of impeaching your own witness." Defendant's counsel persisted in asking about the conversation and the witness still referred to the "story" and objections were sustained, the court commenting that "You called her and you are bound by her testimony." Defense counsel then asked,

Q. "Mr. Fahs, do you recall the preliminary hearing here in Dixon?"
A. "Yes."
Q. "Do you recall the court asking this question?"
Mr. Merrick: "Objection to any question asked at the preliminary hearing."
The Court: "Sustained."

471

Marlene Fahs testified for the prosecution at the preliminary hearing. Although called as a defense witness at the trial, when it appeared that she first admitted that she had a conversation with the girl on February 24th, then denied that the conversation was between herself and the girl, defendant's counsel should have been allowed to refresh her memory with her testimony at the preliminary hearing.[1]

■ When a witness unexpectedly gives testimony against the party calling him, such party has the right to examine him to show that fact and to specifically call the attention of the witness to former statements made by him for the purpose of refreshing his memory or awakening his conscience. The People v. Michaels, 335 Ill 590, 592, 167 NE 857 (1929); SHA, c 110A, § 238, and Committee comments. See also The People v. Wesley, 18 Ill2d 138, 151, 163 NE2d 500 (1959); and The People v. Rongetti, 344 Ill 278, 284, 176 NE2d 298 (1931).

■ It appears from the memorandum opinion of the trial judge filed with the record that the trial court reasoned, "The defendant cannot impeach his own witness which is a fundamental rule of evidence." In that opinion the court charged ineptness of counsel in laying the foundation for the conversations and felt he could not intervene to try defendant's case for him. However, it appears to us from all of the circumstances that the court did not exercise discretion under Supreme Court Rule 238, su-

---

[1] The record contains a transcript of the pertinent portion of Marlene Fahs' testimony at the preliminary hearing as attached to the post-trial motion. It appears that the "story" she alluded to was the version of the incident the girl had told to the police officers concerning "three bearded men" and that Mrs. Fahs did not go into the details of what the girl had said to the officers. However, she did ask the girl if the "story" she had told was true, and testified that the girl answered "Yes." The witness then testified that she asked, "Did the men pick you up" and she said "Yes" and I said "Did they take you out in the country" and she said "Yes."

pra, to determine whether the witness was hostile or unwilling but instead believed that the law inflexibly prevented the impeachment or even the refreshing of recollection of a witness by the party calling her under any circumstances.

Under this record, defendant was deprived of a fair trial by prejudicial error and a new trial is required.

The remaining claims of error argued by the defendant do not have substantial merit, in our opinion, and require no discussion.

Reversed and remanded.

ABRAHAMSON and MORAN, JJ., concur.