THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ORA HENSON, Defendant-Appellant.

(No. 74-240;

Fifth District—October 7, 1975.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant appeals from a conviction after a jury trial for having taken indecent liberties with a child, age six, on January 5, 1974. The main witnesses for the State were the child and her mother. The child was allowed to testify only after a hearing had been held out of the presence of the jury and the trial court had determined that the young child was competent to testify.

The young girl stated that she had gone to the defendant's trailer to deliver a catalogue for her mother who had a secondary job as an Avon representative. After she had entered the trailer the defendant told her to take down her pants, which she did. The defendant then placed his fingers in her "bottom." Her mother then arrived and entered the trailer. The mother told the defendant not to touch the girl again, and then took her home.

The mother testified that she had sent her daughter to the defendant's trailer to deliver a catalogue which the defendant had previously requested. When the child did not return within five minutes, the mother went to the defendant's trailer, which was a few trailers from her own. She heard her daughter crying and opened the door of the defendant's trailer. Therein she saw her daughter standing in front of the defendant who had her pants down and his hand inside of her. The mother told the defendant to release her daughter and then took the girl home. Shortly thereafter the mother called the sheriff's office.

The defendant testified in his own behalf and admitted that the girl was present in his trailer and that her pants were down. He explained, however, that he had allowed the girl to enter his trailer to warm herself,

it being very cold outside, while he remained outside for a short while, where he was working on a car. When he entered the trailer he found the girl had apparently become wet by accidentally slipping into the toilet, which was full of water because of the frozen condition of the trailer's water pipes. While he was in the process of drying the girl, the girl's mother came into the trailer and got the girl.

The only issues raised on this appeal relate to the competency of defendant's trial counsel and to the propriety of the sentence imposed by the trial court. Defendant's first contention on appeal is that he was deprived of his constitutional right to a fair trial by numerous critical errors committed by his trial counsel. Specifically defendant asserts that his trial counsel should have objected to the competency of the child as a witness, should not have elicited certain remarks from the mother (which demonstrated her prior feelings of distrust and hostility toward defendant), and should not have made an erroneous statement as to the State's burden of proof in his closing argument.

As to the failure of defendant's counsel to object to the competency of the girl, there was no prejudicial error. Before she was allowed to testify, the trial judge conducted a hearing out of the presence of the jury, regarding her competency. The trial judge, the State's Attorney, and defense counsel all questioned the girl. She stated that she was "six and a half" years old and she gave the month and day of her birth, although she was unable to correctly state the year of her birth. She accurately stated the names and ages of her sister and brother, her address, her mother's occupation and employer, her first grade teacher's name, the name of her school and the town where it was located. She answered that she knew the difference between right and wrong and between the truth and a lie. When asked what would happen if she told a lie she responded, "Jesus won't like you." She responded that she did not understand "what it is to be sworn in or under oath." However, when the trial judge explained that she would have "to raise your right hand to tell the truth" and asked her whether she would do so, she responded that she would.

In *People v. Ballinger*, 36 Ill.2d 620, 225 N.E.2d 10, *cert. denied* 388 U.S. 920, the Supreme Court of Illinois stated the rule as to a determination of the competency of a child as follows:

> "The well-established rule is that it is not age but the degree of intelligence of a child which determines the question of his competency to testify, and if the witness is sufficiently mature to receive correct impressions by his senses, to recollect and narrate intelligently and to appreciate the moral duty to tell the truth,

the witness is competent. (*People v. Davis*, 10 Ill.2d 430.)" (36 Ill.2d, 620, 621-22, 225 N.E.2d 10, 11.)

Generally the trial court has a duty to conduct an in-person examination of a child to determine the competency of the child to testify. (*People v. Crews*, 38 Ill.2d 331, 231 N.E.2d 451; *Shannon v. Swanson*, 208 Ill. 52, 69 N.E. 869; *People v. Enright*, 256 Ill. 221, 99 N.E. 936.) And defense counsel, as well as the court and the State's Attorney, should be given an opportunity to question the child to determine his competency. *People v. Crews*.

■■ In the instant case, as we have previously pointed out, the court, the State's Attorney, and defense counsel all questioned the child out of the presence of the jury before she was allowed to testify. Her competency to testify was sufficiently demonstrated in the responses she gave. Under these circumstances we find no merit to defendant's contention that his trial counsel should have objected to her competency as a witness.

■■ Nor do we find any merit to the contention that defendant's trial counsel should not have elicited remarks from the mother which demonstrated her prior feelings of distrust and hostility toward the defendant. It is proper on cross-examination to show the feelings of hostility or distrust a witness had toward the defendant, as such feelings may well influence the manner in which that witness testifies. The bias of a witness, whether it be favorable to or adverse to the defendant, is always pertinent on the question of the credibility of the witness. (*People v. Emerling*, 341 Ill. 424, 173 N.E. 474; *People v. Bote*, 376 Ill. 264, 33 N.E.2d 449; *People v. Rainford*, 58 Ill.App.2d 312, 208 N.E.2d 314.) In this respect, the questions asked of the mother by defendant's trial counsel were proper cross-examination.

■■ Turning our attention to the closing argument of defendant's trial counsel, we agree that the explanation made therein of the State's burden of proof was error but we do not agree that the explanation was reversible error. During his closing argument defense counsel made the following statements.

"Now I believe that the court will give you an instruction that the man is presumed innocent, even if * * * when you are discussing this matter in the jury room. Also, they will instruct you that the State must prove its case beyond a reasonable doubt. Now in an automobile accident, or a civil accident, why its a preponderance of the evidence. It's a little bit more than would suffice for a civil suit. But in a criminal case, it's the preponderance of the evidence. They really have to come in with a lot of testimony. And the State's Attorney sort of apologized he didn't have

any more witnesses. In other words, the number of witnesses should not be the final determining factor here."

It is apparent that in attempting to distinguish the standard of proof in criminal cases from the standard of proof in civil cases trial counsel inadvertently muddled the two by stating that the standard in each is a preponderance of the evidence. However, in order to warrant a reversal based upon incompetence of trial counsel, the appellant must not only clearly establish actual incompetence by the trial counsel, but also substantial prejudice without which the outcome would probably be different. (*People v. Morris*, 3 Ill.2d 437, 121 N.E.2d 810; *People v. Butler*, 23 Ill.App.3d 108, 318 N.E.2d 680.) In the instant case the State's Attorney, in his closing argument, made a dozen references to the burden of proof of the State as being proof beyond a reasonable doubt. There were also four instructions given which told the jury that the State's burden was that of proof beyond a reasonable doubt. Furthermore, the evidence against the defendant was clear and convincing.

The instant case is unlike *People v. Butler* in which the court reversed the conviction of the defendant because of the cumulative effect of a multitude of errors committed by his trial counsel. We do not feel the outcome of the instant case would probably have been different without the confusing remarks of defendant's trial counsel.

■■ The final contention made by defendant on this appeal is that the sentence of four to five years was excessive in that probation, periodic imprisonment, or conditional discharge would have been more fitting to the defendant and the crime of which he was convicted. It is true that section 5—5—3(d) of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, § 1005—5—3(d)) would permit a trial judge to impose one of those three sentencing alternatives instead of a term of imprisonment. It is also true, and not disputed here, that the four- to five-year sentence was within the statutory limits for a term of imprisonment for a conviction of indecent liberties with a child, a Class 1 felony (Ill. Rev. Stat., ch. 38, § 11—4(c)). The maximum term for a Class 1 felony can be any term in excess of four years. (Ill. Rev. Stat., ch. 38, § 1005—8—1(b)(2).) The minimum term for a Class 1 felony is four years unless the court, taking into account the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term. Ill. Rev. Stat., ch. 38, § 1005—8—1(c)(2).

Before imposing sentence the trial judge conducted a sentencing hearing at which time the trial judge made it clear to the defendant that there were various sentencing alternatives available. The defendant was allowed to testify in his own behalf regarding the possible dispositions by the court. The trial judge had before him a presentence report which

showed a conviction for rape some 40 years prior to the instant offense. Immediately after imposing the sentence the trial judge made the following comments:

"Let me put this on the record too. Mr. Henson, it is a very difficult task for the Court to send a sixty-three year old man to the penitentiary. You have been convicted by a Jury. They heard your version of what happened. The Jury believed the State. You have got one prior conviction of Rape, although it was forty years ago. However, what occurred to this young girl will stay with her the rest of her life. That is all I have to say."

We feel that the record shows that the trial judge gave adequate consideration to the various sentencing alternatives. Considering that fact as well as his superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed, we should not disturb the sentence imposed. See *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.

The judgment is affirmed.

KARNS and CARTER, JJ., concur.