THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN KILGORE, Defendant-Appellant.

Fifth District    No. 75-141

Opinion filed July 9, 1976.

G. J. MORAN, J., dissenting.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael Grabowski, State's Attorney, of Pinckneyville (William B. Starnes, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, John Kilgore, from a judgment of conviction for the crime of rape entered by the Circuit Court of Perry County, pursuant to a jury verdict of guilty. More particularly, the defendant presents seven issues of alleged error for review. The first of those issues is whether his constitutional right to a speedy preliminary hearing under article I, section 7, of the 1970 Illinois Constitution was violated, and if that right was violated, whether defendant is entitled to have his conviction reversed, and that he be ordered discharged?

■■ Defendant was in custody for 84 days before he was given a preliminary hearing. The defendant had requested such a hearing 8 days after he turned himself in to the authorities. The State does not contend that 84 days is "prompt." The State does argue that defendant's failure to request a hearing on his motion for preliminary hearing obviates some of the hardship of the delay, but the State fails to show the manner in which that conclusion follows. We do not consider that contention here. An 84-day delay is a violation of section 7 in view of the finding by the Supreme

Court that 65 days is a severe violation of section 7. (*People v. Howell*, 60 Ill. 2d 117, 324 N.E.2d 403.) Defendant suggests that the only appropriate sanction is to discharge this defendant even after his ultimate conviction. In view of the position of the Supreme Court in *People v. Howell*, that remedy, or any remedy, must come from the legislature.

The second issue before us is whether the evidence presented at defendant's trial was sufficient to prove beyond a reasonable doubt that defendant had sexual intercourse with the prosecutrix by force and against her will.

In *People v. Faulisi*, 25 Ill. 2d 457, 461, 185 N.E.2d 211, the Supreme Court cited the following standard:

> "Reviewing courts are especially charged with the duty of carefully examining the evidence in rape cases. (*People v. Qualls*, 21 Ill. 2d 252; *People v. Kazmierczyk*, 357 Ill. 592,) and it is the duty of the reviewing court not only to consider the evidence carefully but to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and to create an abiding conviction that he is guilty of the crime charged. *People v. Qualls*, 21 Ill. 2d 252; *People v. Abbate*, 349 Ill. 147."

The court goes on to say, concerning the need for resistance and the nature of the force, as follows:

> "The degree of force exerted by the defendant and the amount of resistance on the part of the complaining witness are matters that depend upon the facts of the particular case. Thus we have held that resistance is not necessary under circumstances where resistance would be futile and would endanger the life of the female as where the assailant is armed with a deadly weapon, and that proof of physical force is unnecessary if the prosecuting witness was paralyzed by fear or overcome by superior strength of her attacker. (*People v. Ardelean*, 368 Ill. 274.)"

In *People v. Faulisi*, there was no weapon, no threats of physical violence were made, the parties were of approximately equal size and weight, and no injuries were proven. By her own admission, the complaining witness did not cry out for help, although she testified that she was yelling for the defendant to get out and leave her alone. There was no corroborating evidence except one 1/4-inch cut under her eye, and the fact that she telephoned her husband, and told him she had been raped. It was also significant in the court's view that neither the prosecutrix nor her husband made any complaint to the police until after the police had been called by the defendant's wife *at the request of the defendant.*

In *People v. Griggs*, 131 Ill. App. 2d 257, 259, 266 N.E.2d 398, the court stated:

> "When a conviction for rape depends upon the testimony of the

prosecutrix, her testimony, unless clear and convincing, must be corroborated by other evidence. (*People v. Brown*, (1967), 86 Ill. App. 2d 163, 229 N.E.2d 922)."

In that case the conviction was upheld even though the victim took off her own clothes, made no outcry, did not resist, and changed her account of how the defendant got into the apartment. The prosecutrix made a call to her mother, which was repeated to the police when they arrived. A complaint promptly made is corroborative of a rape victim's testimony. (*People v. Hayes*, 93 Ill. App. 2d 198, 236 N.E.2d 273.) She was hysterical, in tears, and helpless at the hospital.

After a thorough review of the evidence in the case before us, it appears that the defendant's guilt was proven beyond a reasonable doubt. The prosecutrix was threatened, and the lives of her children were threatened. Her attacker had a knife, and threatened to use it. Immediately after the attack the prosecutrix checked the safety of her children, locked the front door and called a girlfriend to ask her to come over because she was too frightened to be there by herself, and to complain of the rape to her. Her friend arrived and found the victim crying and in shock. The friend also discovered a knife in the grass outside the victim's apartment within 6 feet of the victim's front door the following morning. The investigating officer was called shortly after the friend arrived, and upon arrival at the apartment found the victim very emotionally upset, crying and almost unable to speak. There was no evidence of physical injury, and no evidence of vaginal tearing, marks, cuts or bruises. The absence of vaginal tearing is not exceptional in view of the fact that she was 24 years old, married, and the mother of two children. It was the prosecutrix's testimony that the crime was accomplished by the threat of force. The victim did not cry out even though someone was at her window, and calling out to her during the attack. She testified that the attacker told her to keep quiet and she did so out of fear for her life and the lives of her children.

We find that the defendant's guilt was proven beyond a reasonable doubt.

The defendant next contends that the introduction of a knife found 6 feet from the victim's door on the morning after the rape was improper. The defendant alleges that even though the knife fit the description given by the prosecutrix, no evidence was given linking this knife to the defendant.

In *People v. Craddock*, 30 Ill. 2d 348, 196 N.E.2d 672, the two defendants in the case were convicted of burglary. They argued that admitting burglar tools found in a brief case inside the premises was error. The tools were found later in the morning after the burglary by the owner of the shop. At page 353, the Court in *People v. Craddock*, stated:

"In *People v. Stanton*, 16 Ill. 2d 459 at 469, this court held that burglar tools found in a building from which the accused fled are properly received in evidence. The court pointed out in the *Stanton* case that burglary can seldom be proved by direct evidence of the actual breaking and entering, and the inference of guilt in most cases must be drawn from other facts satisfactorily proved, citing *People v. Geisler*, 348 Ill. 510.

Also in the instant case defendants' connection with the brief case and its contents was, in our opinion, sufficiently close to allow their admission into evidence. Defendants were seen fleeing from the burglarized premises by a police officer and the burglary tools in question were found by the owner of the business in the premises after defendants fled. The exhibits were admissible. [Citations.]

■■ In the case before us, the connection between defendant and the knife is sufficiently shown. The prosecutrix saw a knife of the same description in the possession of the defendant at the time of the attack; the knife was found very close to the door of the victim's apartment the morning after the attack when it first became light. The knife did not evidence any signs of corrosion or other evidence of exposure to the elements. The knife was not found in or near a public thoroughfare as was the case in *People v. Pruitt*, 16 Ill. App. 3d 930, 307 N.E.2d 142, *cert. denied*, 419 U.S. 968. The knife was properly admitted into evidence.

■■ The defendant's next issue is whether the trial court unfairly and prejudicially restricted the scope of cross-examination of the prosecutrix. We find this argument to be without merit. The direct examination of the prosecutrix consisted of 25 pages and the cross-examination consisted of 41 pages, including questions as to the nature of her marital relations with her husband, and her conduct during the actual rape. It is true that the accused should be given wide latitude in cross-examination of the prosecutrix in a sex case. (*People v. Malston*, 122 Ill. App. 2d 466, 258 N.E.2d 362, 364; *People v. Rainford*, 58 Ill. App. 2d 312, 315, 208 N.E.2d 314.) The trial court did extend a wide latitude. The scope and extent of cross-examination rests largely in the discretion of the court. (*People v. Moretti*, 6 Ill. 2d 494, 129 N.E.2d 709, *cert. denied*, 356 U.S. 947.) Only in the case of clear abuse of discretion, resulting in a manifest prejudice to the complaining party will a reviewing court interfere with the trial court's ruling. (*Chamness v. Dawson*, 44 Ill. App. 2d 176, 194 N.E.2d 538.) We find no such prejudice in this case. The trial court's limitation on cross-examination was not a clear abuse of discretion.

The defendant raises the issue of whether statements made by the prosecutrix to her girlfriend approximately 20 minutes after the rape occurred, and testified to at trial in detail by the friend, were properly

admitted into evidence as "spontaneous declarations" by the prosecutrix.

In Illinois a distinction is made between "spontaneous declaration" by a rape victim, which can be testified to in full by the person hearing them, as proof of the event recited, and statements made by a victim which do not meet the requirements of spontaneous declarations, but which nevertheless are corroborative of the victim's allegations of rape. These corroborative statements can be admitted, but the details of the complaint are not admissible as proof of the events themselves.

The distinction is stated in *People v. Damen*, 28 Ill. 2d 464, 470-73, 193 N.E.2d 25.

In *Turnbull v. Porter*, 55 Ill. App. 2d 374, 206 N.E.2d 97, a civil action, an issue was the negligence of a driver, and the events surrounding the accident. A statement by one passenger after the accident was stricken by the trial court. The court, in *Turnbull v. Porter*, quoted *Peterson v. Cochran & McCluer Co.*, 308 Ill. App. 348, 31 N.E.2d 825, holding:

"Whether the circumstances under which a declaration was made are such as to make it reasonably probable that it was spontaneous presents a preliminary question for the determination of the trial court. The question of admissibility is one of administration, each case being properly decided upon its own facts, and in this regard the trial court should be clothed with a reasonable degree of latitude, since the application of the principle depends on the circumstances of the particular case." 55 Ill. App. 2d 374, 374-1.

■■ Here there is little reason to find the trial court abused its discretion. The event was sufficiently startling, the statements related to the circumstances of the occurrence, and there was an absence of time to fabricate. Although 20 minutes did pass between the attack and the arrival of the friend, the outburst did seem to be spontaneous. This conclusion is heightened by the apparent condition of the prosecutrix. The testimony was that she was crying very hard, and clearly distraught. The trial court did not abuse its discretion in permitting the complete testimony.

The last substantive issue presented in this case is whether certain statements made by the prosecutor during closing argument were improperly made and prejudicial to the defendant's rights.

The prosecutor stated the following:

"Ladies and gentlemen the court will instruct you you are entitled to take into consideration your experience in the affairs of life when you reflect upon the issues in this case and the facts. Now I am sure you are aware of the numerous articles and the numerous programs on rape in our United States. The Post Dispatch recently wrote an article an elaborate article, their findings indicated that most rapes are not reported.

MR. GANDY: I object.

MR. STARNES: Is that surprising to you?

MR. GANDY: The Post Dispatch is not introduced into evidence.

BY THE COURT: I'll sustain that.

MR. STARNES: Ladies and gentlemen you heard this from a variety of sources, not one specific source, most rapes I submit to you are not reported. I submit to you that according to recent surveys and studies that most rapes don't occur among strangers they occur among people who know each other.

MR. GANDY: I am going to object to that and ask that it be stricken. This is statistics given to us by the State's Attorney and we have no way * * *

MR. STARNES: This is argument your honor. It's based upon common experience in life.

MR. GANDY: It's supposed to be about facts in the case though Judge.

BY THE COURT: It's argument. I'll overrule the objection."

The defendant argues that the prosecutor was introducing statistical proof not in evidence, that people who are raped usually know their attacker. The defendant argues that by the use of those statements the prosecutor meant to imply that, because the prosecutrix reported a rape and claimed that her attacker was her neighbor, her testimony was especially worthy of belief because it was statistically more likely to be accurate. The defendant goes on to state the testimony of the prosecutrix stood alone against the defendant, that the defense theory of consent had been unduly hampered, and that this error was clearly and substantially prejudicial.

In *People v. Smith*, 6 Ill. App. 3d 259, 285 N.E.2d 460, the test for whether argument is prejudicial is stated at page 263:

"In determining whether a prosecuting attorney's argument to a jury is prejudicial, reference must be made to the context of the language, its relation to the evidence and the effect of the argument on the rights of the accused to a fair and impartial trial. We have made this reference by a review of the record and conclude that the prosecutor's expression of belief in defendant's guilt was a conclusion drawn from the evidence. In this context, the argument was permissible. (*People v. Pargone*, 327 Ill. 463, 158 N.E. 716; *People v. Kemp*, 29 Ill. 2d 321, 194 N.E.2d 217.) As to the language that defendant insists was inflammatory and derogatory, we conclude that it lacks these characteristics. But more importantly, defendant does not show how the prosecutor's argument affected his right to a fair trial. In claiming that prejudical argument was

used in his prosecution, a defendant has to show that his rights were substantially prejudiced. He must show that the questionable language, considered in light of all the evidence of guilt, was a material factor in the conviction and that the verdict or finding would have been different had the language not been used. *(People v. Nicholls*, 42 Ill. 2d 91, 100, 245 N.E.2d 771; *People v. Acker*, 127 Ill. App. 2d 283, 262 N.E.2d 247; *People v. Trice*, 127 Ill. App. 2d 310, 262 N.E.2d 276.) Defendant has not done this. Therefore, the second contention is without merit."

■■    Assuming, without deciding, that the prosecutor's comments were improper, we find that the defendant has failed to show that the questionable language, considered in light of all the evidence of guilt, was a material factor in the conviction, and the verdict or finding would have been different had the language not been used. If there was error, it was so minor as to be insignificant in view of the evidence supporting conviction.

■■    The defendant's last contention is that the sentence of ten to twenty-five years for the crime of rape is excessive. At the time of conviction defendant was on parole as a result of a negotiated plea to charges of rape, armed robbery, aggravated assault and burglary in Marion County, wherein defendant entered a plea of guilty to an armed robbery and received a sentence of 2 to 15 years. Not only has defendant been guilty of two of the most serious crimes, armed robbery and rape, but he has displayed an indifference to a chance for rehabilitation. Under such circumstances we cannot say that the trial court abused its discretion in imposing sentence.

Conviction affirmed.

JONES, J., concurs.

G. J. MORAN, J., dissents.