**People of the State of Illinois, Plaintiff-Appellee, v. Jesse E. Bolden, Defendant-Appellant.**

**Gen. No. 51,376.**

First District, Second Division.

December 17, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, and Clare Hillyard, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

The defendant, Jesse E. Bolden, was indicted for murder. In a jury trial, he was convicted of involuntary manslaughter. After his motions in arrest of judgment and for a new trial were denied, judgment was entered and he was sentenced to not less than five nor more than ten years in the Illinois State Penitentiary. He appeals.

In the view which we take of this case, it becomes unnecessary for us to set out the evidence in complete detail. It is undisputed in this record that the deceased, Walter Speedy III, died from the infliction of a single stab wound and that the defendant was holding the drawn knife which inflicted the mortal wound. In dispute at the trial was whether the homicide was caused by the defendant intentionally or recklessly stabbing at the deceased during a game of "tough" between the two (i. e., fencing with knives), or whether the deceased, in accidentally falling down some stairs during this game of "tough," fell upon an upraised knife which was held by the defendant at the time.

Depending upon which version of the facts the jury found to be most credible, there is sufficient evidence in this record to support its verdict for either murder or involuntary manslaughter as urged by the State at the trial, or for excusable homicide by misadventure or accident as contended by the accused. However, because of an erroneous and prejudicial jury instruction which failed to give a complete definition of involuntary manslaughter in the language of the statute and which instruction was tendered by the prosecution and given by the court over the objection of the defendant, the judgment must be reversed and the cause remanded for a new trial.

The instruction given by the court was as follows: "The Court instructs the jury, in the language of the statute, that a person who kills an individual without

379

lawful justification, commits involuntary manslaughter if his acts, whether lawful or unlawful, which cause the death, are such as are likely to cause death or great bodily harm to some individual." The court gave this instruction, which purported to define the offense of involuntary manslaughter in the language of the statute, Ill Rev Stats (1965), c 38, § 9–3(a), after it had given other instructions offered by the State which defined the statutory offense of murder and which stated that the jury could convict the defendant of a lesser included offense, if there was sufficient evidence upon which to base such a finding.

The instruction, as given, was erroneous in that it omitted the statutory criminal intent or mental state explicitly found in chapter 38, § 9–3(a), which, along with the prohibited criminal act, must concur to support a conviction for involuntary manslaughter. We refer specifically, to the concluding portion of chapter 38, § 9–3(a) wherein it states: ". . . and he performs them (the criminal acts) recklessly." Additionally, the jury was not instructed regarding the statutory definition of "recklessness" as found in our Criminal Code, Ill Rev Stats (1965), c 38, § 4–6. However, "involuntary manslaughter is an offense which happens without the intent to inflict injury and death results from acts performed recklessly." People v. Johnson, 54 Ill App2d 27, 36, 203 NE2d 283, 288 (1964). Furthermore, "(t)he gist of the offense of involuntary manslaughter is the reckless performance of an act likely to cause death." People v. Post, 78 Ill App 2d 121, 128, 223 NE2d 238, 241 (1966).

The State concedes error in the giving of this instruction, but urges that it was harmless error in that the defendant was proven guilty of involuntary manslaughter beyond a reasonable doubt. In support of this contention, the State principally relies upon People v. Cash, 326 Ill 104, 157 NE 76 (1927), and People v. Rongetti, 344 Ill 107, 176 NE 292 (1931). In Cash, our Supreme

Court said that the insertion of additional words in a jury instruction, tendered by the prosecution and given by the court, which purported to define the offense of involuntary manslaughter in the language of the then statute did not require reversal in that the words interpolated, not found in the statute, did not affect the meaning of the statute and therefore did not prejudice the accused. However, the case at bar involves not surplusage or interpolation but rather the omission of an explicit statutory provision which is an essential element of involuntary manslaughter—the particular mental state.

In Rongetti, our Supreme Court said that even where an entire instruction should not have been given, there is no ground for reversal where it is of such a nature as not to cause injury to the defendant. In the case at bar, the instruction as to involuntary manslaughter should have been and was given because some of the evidence at the trial would support a conviction for this lesser degree of homicide, but the instruction as given caused injury to the accused because any reference to the particular concurring criminal intent required by the statute was omitted. It is possible that in this posture of the case, the jury convicted the accused for the commission of the criminal act only and never considered his mental state at the time of the offense, although involuntary manslaughter, by statute, requires the concurrence of both the criminal act and the particular mental state of recklessness. Hence, the principal cases cited by the prosecution are not persuasive.

■ ■ We are of the opinion that an apt quotation from the case of Bird v. United States, 180 US 356, 361, 21 S Ct 403, 405 (1901), in which our highest reviewing court reversed and remanded a murder conviction because of incomplete jury instructions, is applicable to the facts of this case:

"It is well settled that the defendant has a right to a full statement of the law from the court, and

that a neglect to give such full statement, when the jury consequently fall into error, is sufficient reason for reversal. . . . The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved."

■■ In People v. Gambony, 402 Ill 74, 81, 83 NE2d 321, 325 (1948), the court stated:

". . . The sole function of instructions is to convey to the minds of the jury the correct principles of law applicable to the evidence submitted to it in order that, having determined the final state of facts from the evidence, the jury may, by the application of proper legal principles, arrive at a correct conclusion according to the law and the evidence. . . ."

In our opinion, the failure of the jury instructions in this case to mention and define the particular mental state, i. e., recklessness, which is one of the essential elements of statutory involuntary manslaughter in our State, was prejudicial error and deprived the defendant of a fair trial. The issue of the defendant's concurring criminal recklessness or lack of it, in the commission of this alleged criminal act was never presented to the jury in any of the instructions given by the court.

■ The constitutional protection of former jeopardy remains to be briefly discussed within the facts of the instant case. It is established law in Illinois that when an accused is indicted and tried for murder, convicted of manslaughter, and this latter conviction is reversed and remanded on direct appeal, former jeopardy requires that the defendant can only be retried for manslaughter, the lesser degree of homicide. People v. McGinnis, 234 Ill 68, 84 NE 687 (1908). For a recent United States Supreme

Court case coming to the same conclusion on former jeopardy grounds where a defendant was indicted and tried in a District of Columbia trial court for murder and was convicted of a lower degree of homicide, which conviction was reversed and remanded on direct appeal, see Green v. United States, 355 US 184, 78 S Ct 221 (1957).

The same protection of former jeopardy exists in Illinois if the accused is indicted and tried for murder, convicted of manslaughter, and instead of gaining a reversal and remandment on direct appeal, he is successful in his motion for a new trial presented to the trial judge. The defendant can then only be retried for manslaughter. Brennan v. People, 15 Ill 511 (1854); People v. Carrico, 310 Ill 543, 142 NE 164 (1923). On the retrial of the case at bar, the defendant can only be tried for involuntary manslaughter and not for murder.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

BURKE, P. J. and McNAMARA, J., concur.