THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SVOBODA, Defendant-Appellant.

Second District    No. 78-182

Opinion filed August 23, 1979.—Rehearing denied September 18, 1979.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, James Svoboda, was convicted of burglary (Ill. Rev. Stat. 1975, ch. 38, par. 19—1) after a jury trial and sentenced to 18 to 54 months imprisonment. His sole contention on appeal is that the trial court erred in refusing to give his tendered instruction on prior inconsistent statements (Illinois Pattern Jury Instructions, Criminal, No. 3.11 (1968), (hereinafter IPI Criminal).

Defendant and a co-defendant, Timothy DeKing, were charged with the burglary of a building belonging to Paul Soderstrom and the theft of tools and radios found therein belonging to Soderstrom's business tenant, Fred Stewart.

At trial Stewart testified that several days after the burglary he, Soderstrom and Rick Miller, one of Soderstrom's employees, went to defendant's home. Stewart looked into defendant's car, saw his own radio mounted inside and told defendant he wanted his radio and the rest of the stolen property. He testified defendant said he would not take the radio out then because there were other people present. Stewart then told defendant the police already had footprints and fingerprints from the burglary and defendant said he wasn't worried because he had worn gloves. Defendant and Rick Miller began arguing and defendant told Miller, "You really did it this time. They wouldn't have known if you had kept quiet." Stewart further testified he later received a phone call from defendant who told him he had found out where the tools were and had taken the radio out of his car; he suggested Stewart leave his place of business so that defendant could return the property. Stewart went to lunch and when he came back his property had been returned.

On cross-examination defense counsel questioned Stewart regarding a statement he had given to an assistant State's Attorney in November 1977, some five months after the burglary and about three weeks before trial, and asked whether Stewart had told the prosecutor what defendant had said when Stewart went to his home. Stewart admitted he had not related the entire conversation when he talked to the prosecutor. He testified he couldn't remember all the details then but that after he talked

to his wife and thought about the incident his recollection had improved. Stewart agreed he hadn't told the prosecutor of defendant's statement he had worn gloves during the burglary or that defendant had called him regarding the return of the property. It is these omissions from Stewart's conversation with the prosecutor that are the subject of this appeal.

At the close of the State's case the trial court directed a verdict in favor of the co-defendant, DeKing. Defendant did not testify or present any evidence on his own behalf. At the conference on jury instructions defense counsel tendered IPI Criminal No. 3.11 which states as follows:

"Evidence that on some former occasion a witness made a statement inconsistent with his testimony in this case, may be considered by you in deciding the weight to be given to the testimony of that witness."

The State objected, and the trial court refused the tendered instruction, stating there were no inconsistencies in Stewart's testimony. The jury returned verdicts of guilty on both the burglary and theft counts and, on the State's motion, the judgment of conviction entered on the theft charge was subsequently vacated.

Defendant contends the trial court erred in refusing his tendered instruction regarding prior inconsistent statements and argues that the omissions in Stewart's statement to an assistant State's Attorney constituted inconsistencies sufficient to warrant the giving of IPI Criminal No. 3.11.

■■ The function of jury instructions is to convey to the jury the appropriate principles of law so that it may apply the correct legal principles to the facts and arrive at the proper conclusion according to the law and the evidence. (*People v. Mitchell* (1975), 27 Ill. App. 3d 117, 121, 327 N.E.2d 158, 161.) Clearly the defendant has the right to a full statement of the law from the court and the failure to give a tendered instruction may constitute reversible error. *People v. Bolden* (1968), 103 Ill. App. 2d 377, 381-82, 243 N.E.2d 687, 690; *Bird v. United States* (1901), 180 U.S. 356, 45 L. Ed. 570, 21 S. Ct. 403.

■■ In *People v. Smith* (1978), 67 Ill. App. 3d 672, 678, 385 N.E.2d 44, 49, the court found that IPI Criminal No. 3.11 embraces as prior inconsistent statements both affirmative statements dissimilar to the witness' in-court testimony and omissions in such statements. We note, however, that the Committee Comments to IPI Criminal No. 3.11 state that the materiality of the prior inconsistent statement is a matter for the trial court. In order to warrant the giving of IPI Criminal No. 3.11 a statement must have a reasonable tendency to discredit the witness' testimony on a material matter. (*People v. Alarshi* (1978), 57 Ill. App. 3d 464, 466, 373 N.E.2d 516, 518, *cert. denied* (1978), 439 U.S. 912, 58 L. Ed. 2d 258, 99 S. Ct. 282;

*People v. Rainford* (1965), 58 Ill. App. 2d 312, 321, 208 N.E.2d 314, 319.) "The rule is that the omission of a witness to state a particular fact under circumstances rendering it incumbent upon him to, or likely that he would, state such fact, if true, may be shown to discredit his testimony as to such fact." *Carroll v. Krause* (1938), 295 Ill. App. 552, 562, 15 N.E.2d 323, 328; *People v. Owens* (1976), 65 Ill. 2d 83, 92, 357 N.E.2d 465, 470, *cert. denied* (1977), 430 U.S. 955, 51 L. Ed. 2d 805, 97 S. Ct. 1600; *People v. Boone* (1977), 55 Ill. App. 3d 83, 90, 370 N.E.2d 673, 678; see Graham, *Prior Inconsistent Statements—Impeachment and Substantive Admissibility: An Analysis of the Effect of Adopting the Proposed Illinois Rules of Evidence*, 1978 U. Ill. L.F. 329.

■■ The record of the instant case does not disclose the circumstances of Stewart's interview with the assistant State's Attorney nor whether the "statement" given by Stewart was formal or informal, written or oral. No statement by Stewart was introduced in evidence, nor were either the assistant State's Attorney or the secretary who was apparently present at that time ever called to testify. It is equally likely that the assistant State's Attorney made only selective inquiries to Stewart seeking to supplement or confirm matters related in the police investigative reports as that the prosecutor requested Stewart to state everything which occurred between defendant and himself. We have no way of determining on this record whether, in the circumstances of that interview, it was incumbent upon Stewart to have told the assistant State's Attorney about all conversations he had with defendant. No inquiry requiring such a response may have been made to him and we cannot assume that one was so made.

For these reasons the judgment of the Circuit Court of Kane County is affirmed.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.