THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DUWAIN E. EGGERT, Defendant-Appellant.

Second District    No. 2—00—0722

Opinion filed August 16, 2001.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Tiffany A. Boye, of Chicago, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Stephen E. Norris and Patrick D. Daly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Duwain E. Eggert, was convicted of the offenses of aggravated driving under the influence of alcohol (625 ILCS 5/11—501(a)(2), (d)(1) (West 1998)) and driving while license revoked (625 ILCS 5/6—303 (West 1998)). He was sentenced to three years' imprisonment on each offense, to run concurrently. We affirm in part, reverse in part, and remand the cause.

## BACKGROUND

The sole testimony presented at trial was that of State witness Officer Robert Woodford. On November 28, 1999, Woodford responded to a 911 call that a pickup truck was on the sidewalk and that the driver had passed out. As Woodford approached the location of the pickup truck, the truck was moving and had traveled off the sidewalk. Woodford observed the truck drift over the lane line four or five times.

Woodford pulled over the truck. The driver, defendant Duwain Eggert, exited the driver's side door. He staggered and tripped several times. When Woodford asked for defendant's driver's license, he responded that it had been revoked in the State of Illinois.

As he spoke with defendant, Woodford noticed defendant's bloodshot, glassy eyes and smelled alcohol on defendant's breath. Defendant swayed back and forth while he stood, and he refused field sobriety tests. Woodford placed defendant under arrest for driving under the influence of alcohol. Defendant was handcuffed and taken to the public safety building.

At the public safety building, defendant refused a breathalyzer test. After he was given *Miranda* warnings, defendant was questioned.

Defendant stated that he consumed seven or eight 12-ounce cans of beer between 3:30 and 7:30 p.m.

On cross-examination, Woodford admitted that his written report contained two omissions: (1) that he observed defendant weaving over the lane while driving; and (2) that defendant refused field sobriety tests. Woodford admitted that he did not testify before the grand jury that defendant drove over the lane line and could not recall if he testified at the same proceeding that defendant refused field sobriety tests.

The following certified statement of revocation by the Secretary of State's office was read to the jury:

"This is a certified statement of revocation from the Secretary of State's Office showing that Duwain E. Eggert's driver's license was revoked, the revocation in effect on November 28, 1999."

Defendant tendered Illinois Pattern Jury Instructions, Criminal, No. 3.11 (4th ed. 2000) (hereinafter IPI Criminal 4th) concerning the believability of a witness. The instruction was refused.

Defendant was found guilty of the offenses of aggravated driving under the influence of alcohol and driving while license revoked. He was sentenced to three years' imprisonment on each offense, to run concurrently.

I

Defendant contends that the trial court abused its discretion by refusing IPI Criminal 4th No. 3.11 regarding prior inconsistent statements. The tendered instruction read as follows:

"The believability of a witness may be challenged on evidence that on some former occasion he made a statement that was not consistent with his testimony in this case. Evidence of this kind may be considered by you only for the limited purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom.

It is for you to determine what weight should be given to that statement. In determining the weight to be given to an earlier statement, you should consider all of the circumstances under which it was made."

●1, 2 The function of jury instructions is to convey to the jury the appropriate principles of law so that it may apply the correct legal principles to the facts of the case and arrive at the proper conclusion according to the law and the evidence. *People v. Finke*, 204 Ill. App. 3d 748, 759 (1990). When evidence of a witness's prior inconsistent statement is admissible to impeach his credibility, such evidence is admitted not as proof of the truth of the facts stated out of court but as doubt cast on the testimony by showing the witness's inconsistency. *People v. Larry*, 218 Ill. App. 3d 658, 666 (1991). An instruction regard-

ing the credibility of a witness's testimony in light of inconsistencies is cautionary. *People v. Luckett*, 273 Ill. App. 3d 1023, 1035 (1995). As such, the trial court is vested with discretion in determining whether to give the proffered instruction. *Luckett*, 273 Ill. App. 3d at 1035.

In refusing IPI Criminal 4th No. 3.11, the trial court stated as follows:

> "Based on the testimony presented, I don't believe there was any inconsistent—testified—for example, if the officer would have testified that in the grand jury hearing he noticed bloodshot eyes and testified today I didn't notice any bloodshot eyes that would be an inconsistency, but what you pointed out on cross-examination is that he failed to put in his report the fact that he had observed or asked the Defendant to do some field sobriety tests, and the other issue was whether or not he had improperly changed lanes, they're inconsistent based on the testimony."

Since the impeachment consisted of an omission, the trial court apparently believed that IPI Criminal 4th No. 3.11 did not apply.

In *People v. Smith*, 67 Ill. App. 3d 672 (1978), the court held that an earlier version of IPI Criminal 4th No. 3.11 encompasses omissions as well as affirmative statements. See also *Finke*, 204 Ill. App. 3d at 759; *People v. Svoboda*, 75 Ill. App. 3d 487, 489 (1979). The pattern jury instruction regarding inconsistent statements is appropriately given when two statements are inconsistent on a material matter. *People v. Thomas*, 172 Ill. App. 3d 172, 177 (1988). The committee comments to IPI Criminal 4th No. 3.11 indicate that the materiality of the prior inconsistent statement is an issue for the trial court to determine. It has been stated that an issue is material when the contradiction reasonably tends to discredit the testimony of the witness on such facts. *Finke*, 204 Ill. App. 3d at 759.

•3 The sole evidence presented by the State on the charge of aggravated driving under the influence of alcohol was the testimony of Officer Woodford. There were no breathalyzer, field sobriety, or blood tests performed. Based on the trial court's comments in refusing IPI Criminal 4th No. 3.11, it appears that the court did not determine whether the omissions in Woodford's report were material.

In our view, Woodford's trial testimony that he observed defendant weaving across the lane was material because it is directly relevant to the issue of whether defendant was capable of driving a vehicle. Likewise, the issue of whether defendant refused field sobriety and breathalyzer tests was material because the jury could infer guilt due to his refusal. Woodford's trial testimony that defendant was weaving and that he refused testing was impeached by the omission of these observations in his police report.

Unlike *People v. Luckett*, cited by the State, we do not deem IPI Criminal 4th No. 1.02 to be a sufficient cautionary instruction on the manner in which the jury was able to consider the evidence of Woodford's omissions. Woodford was the sole witness presented on the charge of driving while under the influence of alcohol. Therefore, the credibility of his testimony was essential to the State's case. Since the omissions in his police report related to matters material to the issue of whether defendant was driving under the influence of alcohol and the State's case was based solely on the testimony of this witness, the trial court's refusal to give IPI Criminal 4th No. 3.11 was an abuse of discretion and deprived defendant of a fair trial. See *People v. Mitchell*, 27 Ill. App. 3d 117, 121 (1975) (regarding an earlier version of IPI Criminal 4th No. 3.11 with prior inconsistent statement by key witness). Therefore, we reverse defendant's conviction of aggravated driving under the influence of alcohol and remand the cause to the trial court for a new trial on this charge.

●4 Defendant also contends that, while IPI Criminal 4th No. 3.11 should have been given to instruct the jury on Woodford's credibility, it should also have been given to instruct that Woodford's omissions could be considered as substantive evidence. Although the instruction was not tendered in this fashion, defendant asserts that the following portion of IPI Criminal 4th No. 3.11 should have been given:

"However, you may consider a witness's earlier inconsistent statement as evidence without this limitation when

■ the statement was made under oath at a trial.

or

■ the statement narrates, describes, or explains an event or condition the witness had personal knowledge of;

and

[a] the statement was written or signed by the witness.

or

[b] the witness acknowledged under oath that he made the statement.

or

[c] the statement was accurately recorded by a tape recorder, videotape, recording, or a similar electronic means of sound recording.

It is for you to determine what weight should be given to that statement. In determining the weight to be given to an earlier statement, you should consider all of the circumstances under which it was made." IPI Criminal 4th No. 311.

Since defendant did not tender the instruction in this fashion, he urges us to consider the issue as plain error.

Defendant failed not only to tender IPI Criminal 4th No. 3.11

concerning the admissibility of Officer Woodford's omissions as substantive evidence but also to introduce Woodford's arrest report or transcript of his grand jury testimony into evidence. Due to our determination that IPI Criminal 4th No. 3.11 should have been given to instruct the jury that the evidence of Woodford's omissions could be considered for the purpose of determining the weight attributed to his testimony, we decline to address this issue on the merits under the plain error doctrine. On remand, however, the litigants and the court should be mindful of the comments to IPI Criminal 4th No. 3.11 in determining what evidence to admit and instructions to give. Since the comments to IPI Criminal 4th No. 3.11 advise that there is no need to give this instruction when the prior inconsistent statement is offered as substantive evidence rather than solely for the purpose of impeachment, it appropriately would not be given if the arrest report is admitted as substantive evidence and Woodford is impeached by its omissions.

## II

●5 Next, defendant contends that he was deprived of a fair trial due to comments made by the State during closing argument. Generally, prosecutors are given wide latitude during closing argument. *People v. Williams*, 181 Ill. 2d 297, 330 (1998). The trial court's determination of the propriety of the closing argument will generally be followed on appeal absent a clear abuse of discretion. *People v. Cisewski*, 118 Ill. 2d 163, 175 (1987). To constitute reversible error, the complained-of remarks must have resulted in substantial prejudice to the accused such that absent those remarks the verdict would have been different. *People v. Armstrong*, 183 Ill. 2d 130, 145 (1998).

Defendant's contentions relate to comments made by the prosecutor concerning his personal opinion and the credibility of Officer Woodford. The record reveals that two of defendant's objections to the prosecutor's use of the pronoun "we" were sustained and that the jury was admonished to disregard any personal opinions of the prosecutor and to rely on the evidence presented. Defendant's objection to the State's characterization of the burden of proof as "beyond any doubt" was also sustained with admonishment on the proper burden of proof. Defendant's objection to the prosecutor's comment concerning the credibility of Officer Woodford was also sustained, with admonishment to confine argument to the evidence presented.

Since we remand the cause to the trial court for a new trial on charges of aggravated driving under the influence of alcohol, it is unnecessary to address whether the jury's verdict on this charge would have been different. However, defendant's conviction of driving while

license revoked was supported by a certification by the Illinois Secretary of State. In our view, defendant would have been convicted of the offense of driving while license revoked regardless of the comments by the prosecutor. Therefore, there was no substantial prejudice to defendant by the prosecutor's comments during closing argument as they relate to the conviction of driving while license revoked. We affirm the judgment and sentence on the conviction of driving while license revoked.

The judgment of the circuit court of Winnebago County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

O'MALLEY and CALLUM, JJ., concur.